514 So.2d 374 (1987)
Dennis Joe Nathan PEARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2945.
District Court of Appeal of Florida, Second District.
September 4, 1987.
Rehearing and Rehearing Denied November 3, 1987.
*375 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
Rehearing and Rehearing En Banc Denied November 3, 1987.
DANAHY, Chief Judge.
The appellant, a black defendant facing trial on several criminal charges, objected immediately but unsuccessfully when the state used one of its peremptory challenges to remove the only black member of the jury venire. We hold that the appellant established a prima facie case of racial discrimination violative of the fourteenth amendment based on the state's use of a peremptory challenge to strike the only representative of the appellant's race from the jury venire and that the burden shifted to the state to come forward with a neutral explanation for its challenge. Accordingly, we remand for further proceedings. Griffith v. Kentucky, ___ U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Jury selection in this case took place on November 14, 1985. At that time the test for determining whether a defendant established a prima facie case of racial discrimination in the use of peremptory challenges by the state was the test enunciated by the Florida Supreme Court in State v. Neil, 457 So.2d 481 (Fla. 1984). Basing its decision on article I, section 16 of the Florida Constitution, the court in Neil held that the test set out in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), was no longer to be used by Florida courts when confronted with the allegedly discriminatory use of peremptory challenges. The court then announced a new test which incorporated an initial presumption that peremptories will be exercised in a nondiscriminatory manner. In a footnote, the court expressed the opinion that the exclusion of a number of blacks by itself is insufficient to trigger an inquiry into a party's use of peremptories. 457 So.2d at 487, n. 10. Thus the trial judge in the instant case was correct, we think, when he commented that "you have to show more than that" after the appellant objected to *376 the state's removal of the one black member of the jury venire. The trial judge, therefore, did not inquire into the basis for the state's peremptory challenge of the black juror. The appellant asserts on this appeal that the trial judge erred.
On April 30, 1986, the Supreme Court of the United States rendered its decision in Batson v. Kentucky. In that case a black defendant in a state criminal proceeding made a timely objection to the prosecutor's removal of all black persons on the jury venire. Receding from Swain v. Alabama, the Court held that because the trial court flatly rejected the objection without requiring the prosecutor to give an explanation for his action, the case was remanded for further proceedings.
In January of this year the Court issued its opinion in Griffith v. Kentucky. In Griffith the court described its holding in Batson as follows:
In Batson... this Court ruled that a defendant in a state criminal trial could establish a prima facie case of racial discrimination violative of the Fourteenth Amendment, based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire, and that, once the defendant had made the prima facie showing, the burden shifted to the prosecution to come forward with a neutral explanation for those challenges.
107 S.Ct. at 710. In Griffith the Court considered whether its ruling in Batson should be applicable to litigation pending on direct state or federal review or not yet final when Batson was decided. The Court answered that question in the affirmative.[1] The present case falls into that category. Here, the appellant's appeal was filed in December of 1985 and was pending before this court when Batson was decided.
Since Batson expressed a rule applicable to state criminal proceedings under the equal protection clause of the fourteenth amendment to the United States Constitution, we are obliged to follow that holding. We note that recently two of our sister courts have indicated that the Neil test is still to be applied in determining whether a defendant has established a prima facie case of racial discrimination in the use of peremptory challenges by the state. Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987); Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987). The courts stated in these cases that the exclusion of a number of blacks by itself is insufficient to trigger an inquiry into a party's use of peremptory challenges, citing Neil. We respectfully disagree.
Applying Batson, as we must, we recognize that in this case there was only one black member of the jury venire and thus only one prospective black juror was removed by the state. Both Batson and Griffith speak of plural challenges. In one of the cases decided in Griffith, however, there were only two black jurors removed. We see no difference, in terms of the equal protection clause, between the striking of the only one black juror and the striking of the only two black jurors  or the striking of the only three black jurors, or more. As observed by the court in the only case we have found dealing with the striking of the only member of the defendant's race from the jury, the result is the same regardless of number  no members of the defendant's race are left on the jury, and the prosecution should be required to explain the reasons for its peremptory challenge when that result occurs. United States v. Chalan, 812 F.2d 1302, 1314 (10th Cir.1987).
For the foregoing reasons, we remand this case for the holding of a Batson hearing with instructions that if the trial court finds that the state has not met its burden of providing a racially neutral explanation for the exercise of its challenge in this case, the trial court should set aside the appellant's convictions and order a new trial. The state may appeal an order granting a new trial. Rule 9.140(c)(1)(C), Fla.R. App.P. On the other hand, if the trial court finds that the state has met its burden of providing a racially neutral explanation, then the appellant's convictions stand but the appellant shall have a renewed *377 right of appeal to obtain review of the trial court's ruling.
As his second point on appeal, the appellant argues that the trial judge erred in bumping up his guidelines recommended range by one cell because of the appellant's violation of probation. The appellant argues that the one cell "bump up" applies only to the sentence for the crime underlying the probation which was revoked, and that the crime underlying the probation was not involved in this case. The record reflects that the appellant's probation was revoked and he was sentenced on the crime underlying the probation as well as on the convictions in this case which constituted the probation violation. His scoresheet applicable to all these offenses reflects points for legal restraint. In Lee v. State, 491 So.2d 1289 (Fla. 2d DCA 1986), we held that a one-cell "bump up" for probation violation in addition to the points on the scoresheet for legal restraint (probation) is permissible under the guidelines in this situation. We have receded from Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986), on which the appellant relies. Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987). Therefore, we find no error in the appellant's sentences.
Cause remanded for further proceedings in accordance with this opinion.
RYDER and LEHAN, JJ., concur.
NOTES
[1] The Court had earlier held that Batson was not applicable retroactively on collateral review by federal courts of convictions that became final before the Batson opinion was announced. Allen v. Hardy, ___ U.S. ___, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986).