540 So.2d 255 (1989)
Raymond STUBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-882.
District Court of Appeal of Florida, Second District.
March 29, 1989.
*256 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Raymond Stubbs, a black defendant, appeals his convictions and seeks a new trial, alleging the trial judge erred when she failed to require the prosecutor to explain his reason for excusing a black person on the jury venire. We reverse.
The prosecutor exercised a preemptory challenge to the first black person from the jury venire, a Mr. Chambers. Defense counsel objected and requested the trial judge to inquire regarding the prosecutor's reason for excusing Chambers. The trial judge stated she would withhold ruling, because Chamber's exclusion caused a second black person, a Mr. Lawton, to be considered next. Neither party objected to Lawton. Defense counsel renewed his objection, arguing Chambers was excused because he was a black man of similar age as the defendant Stubbs. The trial judge ruled that she would not require the prosecutor to explain his reason for excusing Chambers, because the prosecutor accepted Lawton to sit on the jury.
The procedure a trial court in this state must use when confronted with an objection that a party has utilized a peremptory challenge solely on the basis of race has evolved from a series of cases. First, the Florida Supreme Court set forth the following procedure for the establishment of a prima facie showing of racial discrimination in the use of peremptory challenges:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
State v. Neil, 457 So.2d 481, 486 (Fla. 1984) (footnote omitted). Subsequently, the United States Supreme Court addressed this same issue and pronounced the following procedure to be utilized:
[T]he defendant first must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, *257 the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.
Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69, 87 (1986) (citations omitted).
This court, recognizing the difference between the Neil and Batson standards, declined to follow Neil and held that the Batson test should be employed. Pearson v. State, 514 So.2d 374, 376 (Fla. 1987), review dismissed, 525 So.2d 881 (1988). Thereafter, the Florida Supreme Court in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) and Blackshear v. State, 521 So.2d 1083 (Fla. 1988), sought to "clarify" and "further define" the Neil procedure, making Neil, in our opinion, harmonious with Batson.
In this case, trial counsel for Stubbs timely objected, stated that Stubbs was a black man, and further stated that the prosecutor exercised a peremptory challenge to exclude a black man. The defense argued that the prosecutor should have been required to give a reason for the exclusion of Chambers and pointed out that the venire consisted of only two black persons and that the other black man, Lawton, was elderly. The trial judge interrupted his argument and refused to conduct any further inquiry, stating that there was a black person on the jury and "no showing of systematic exclusion" of black men.
We find that Stubbs established a prima facie case of racial discrimination, especially in light of the trial judge's refusal to allow counsel for Stubbs to continue his argument. The trial judge should have considered all relevant circumstances. See Batson, 106 S.Ct. at 1723. For instance, the prosecutor perfunctorily examined Chambers, and Chambers' answers were not substantially different than jurors who were not excused. If there was any doubt whether Stubbs established a prima facie case, the trial judge should have resolved that doubt in favor of Stubbs, see Slappy, 522 So.2d at 22, and required the prosecutor to "give a `clear and reasonably specific' explanation of his `legitimate reasons' for exercising the challenges." Batson, 106 S.Ct. at 1723-24 n. 20 (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207, 218 (1981)).
We recognize that a trial judge is best able to determine whether the prosecutor's use of peremptory challenges constitutes a prima facie case of racial discrimination. See Batson, 106 S.Ct. at 1723. Here, however, the trial judge misapprehended the law. She mistakenly believed that no discrimination could be shown, because there was a black man on the jury. Batson, however, recognized that the state is prohibited from exercising a peremptory challenge "to strike any black juror because of his race." Batson, 106 S.Ct. at 1724 n. 22. The fact that a black person has been seated as a juror or alternate is not dispositive. Slappy, 522 So.2d at 21.
In cases such as this, courts have remanded the case for a Batson hearing with instructions that the trial court set aside a defendant's conviction and order a new trial if the trial court finds that the state has failed to provide a legitimate racially neutral explanation for the challenge of the black person. See Batson, 106 S.Ct. at 1725; Pearson, 514 So.2d at 376. The Florida Supreme Court, however, now has made it clear that such a hearing must be conducted during the voir dire process; otherwise, it is untimely. Blackshear v. State, 521 So.2d 1083 (Fla. 1988).
REVERSED AND REMANDED FOR A NEW TRIAL.
DANAHY, A.C.J., and LEHAN, J., concur.