SHIVERS, Judge.
Appellant/defendant appeals his conviction of attempted armed robbery, arguing that the trial court erroneously overruled his objection to the State’s peremptory challenge of a black juror. We reverse and remand for a new trial.
In State v. Neil, 457 So.2d 481 (Fla.1984), the Florida Supreme Court held that a party concerned about opposing counsel’s use of a peremptory challenge must make a timely objection, demonstrate on the record that the challenged persons are members of a distinct racial group, and demonstrate on the record the existence of a strong likelihood that the persons were challenged solely because of their race. Once the trial court is satisfied that the complaining party’s objection was proper, the burden shifts to the other party to give a specific and racially neutral explanation for its use of the peremptory challenge. State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, — U.S.—, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Where there is any doubt as to whether the complaining party has met its initial burden, the doubt should be resolved in that party’s favor, and the other party given an opportunity to explain the use of its peremptory challenge. State v. Slappy, supra; Pickett v. State, 537 So.2d 115 (Fla. 1st DCA 1988).
The trial court in this case concluded that, since the State had peremptorily challenged only one black juror, the defendant had not met its initial burden and, therefore, that no Neil inquiry was required. The court’s conclusion directly conflicts with the supreme court’s holding in Slap-py, that:
[Njumber alone is not dispositive.... Indeed, the issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused, independent of any other. This is so because
the striking of a single black juror for a racial reason violates the Equal Protection Clause, even where other black jurors are seated, and even when there are valid reasons for the striking of some black jurors.
State v. Slappy, supra, at 21, quoting United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir.1987). Finding that the defendant otherwise met his initial burden under Neil, the trial court erred in failing to conduct a full Neil inquiry. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.