NIMMONS, Judge.
Reynolds appeals from his conviction of the offense of possession of cocaine, asserting reversible error in the jury selection process by reason of the state’s excusing a black juror peremptorily. We affirm.
The trial court employed a jury selection method whereby 17 men and women were randomly called forward from a larger pool. Among the 17 was one black, Ms. Dean, who was the twelfth person called forward. The trial judge initially elicited some basic personal information from the 17 after which each attorney was allowed to question them. Thereafter, the trial judge entertained the attorneys’ challenges outside the presence of the jurors. In the first round, the court called upon the state to exercise any challenges to the first six veniremen. The state announced that it would accept the first six. The defense then struck two peremptorily.
For the second round of challenges, the names of the two who had been called forward as the seventh and eighth veniremen were added to the list of “strikable” prospective jurors. The state then peremptorily excused one and the defense excused two more.
Therefore, for the third round, three more persons, the ninth, tenth and eleventh of the veniremen originally called forward, were added to the list. The state accepted all six on that list, but the defense struck one.
For the fourth round, the black female, Ms. Dean, who had been the twelfth venireman originally called forward, was added to the list. The state struck her peremptorily whereupon defense counsel requested the trial judge to instruct the prosecutor to give a reason for striking Ms. Dean, pointing out that she was the only black out of the original 17. In response to counsel’s request, the prosecutor objected to giving a reason because there had been no “systematic exclusion” of blacks by the state. The court agreed with the prosecutor and did not require the state to announce its reason for excusing Dean.[1]
*919 Under the holding in State v. Neil, 457 So.2d 481 (Fla.1984), the initial burden in a matter such as this was described as follows:
A party concerned about the other side’s use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race, (e.s.)
457 So.2d at 486 (footnote omitted).
On appeal, appellant relies heavily upon the Supreme Court’s expressions in State v. Slappy, 522 So.2d 18 (Fla.1988), to the effect that the racially discriminatory excusal of even one prospective juror taints the jury selection process. Id. at 21. However, appellant misreads the import of the Court’s holding. The above expression of the Slappy court assumes that the complaining or objecting party — in this instance the defendant — has satisfied the initial burden of demonstrating on the record a strong likelihood that the state struck the subject juror solely because of her race. If such demonstration is made, then Slappy indicates that the discriminatory excusal of even a single prospective juror taints the selection process.
But the mere fact that Ms. Dean was the only black among the 17 called forward does not mean that her excusal demonstrates “a strong likelihood” that she was excused “solely because of [her] race.” Slappy at p. 21 (quoting Neil).[2] Contra, Parrish v. State, 540 So.2d 870 (Fla. 3rd DCA 1989) and Pearson v. State, 514 So.2d 374 (Fla. 2nd DCA 1987). Thus, the defendant failed to satisfy the third Neil criterion and the trial court did not err in failing to inquire into the state’s motives for excusing Ms. Dean. See Smith v. State, 538 So.2d 926, 928 (Fla. 1st DCA 1989). And the fact that the trial court may have erroneously stated that the defense was required to show a “systematic exclusion” of blacks will not cure the defendant’s failure to meet his initial burden.
We distinguish this court's recent holding in Jennings v. State, 545 So.2d 945 (Fla. 1st DCA 1989). There, the trial court found that the defendant had met his initial burden under Neil except for the fact that the state had excused only one black prospective juror. The Jennings panel reversed, citing Slappy. In contrast to Jennings, it is clear from the record in the instant case, as we have previously noted, that the defendant failed to satisfy the third Neil criterion.
We acknowledge conflict with Parrish and Pearson.
AFFIRMED.
BOOTH, J., concurs.
ZEHMER, J., dissents.

. We note that during defense counsel's questioning of the prospective jurors, Ms. Dean said that her cousin had “overdosed” from taking cocaine.

. There has been no contention that the fact that there was only one black prospective juror among the 17 originally called forward was the result of any discriminatory practice.