571 So.2d 16 (1990)
James Calvin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00251.
District Court of Appeal of Florida, Second District.
July 11, 1990.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant has presented several issues for our review. Our resolution of one issue, however, disposes with the need to pass upon the remaining points.
The appellant was charged with the possession of cocaine with intent to sell and the sale of cocaine. During the jury voir dire the state used three peremptory challenges to excuse three of the four black venire persons. The appellant objected and the state responded, noting that it had kept Mrs. Rich, who is black, on the jury; therefore, the state asserted that no "systematic exclusion" had occurred. The appellant contended that keeping one black person on the jury did not dispense with the need for an inquiry into the reasons for the three peremptory challenges. The trial court agreed with the state, noting that it would make an inquiry only if Mrs. Rich were excused. We reverse.
The procedure to be employed by a trial court when confronted with the peremptory challenge of black jurors is as follows:
a party claiming racial discrimination in the exercise of a peremptory challenge must voice a timely objection to the challenge, demonstrate that the challenged person is a member of a distinct racial group and describe a likelihood that the challenge is motivated solely because of race. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla. 1984). Once the trial court determines that the objection to the peremptory challenge is proper and not frivolous, the burden shifts and the challenging party must demonstrate "`a clear and reasonably specific' racially neutral explanation" for the peremptory challenge. Slappy, 522 So.2d at 22 (quoting Batson v. Kentucky, 476 U.S. 79, 98 n. 20, 106 S.Ct. 1712, 1724 n. 20, 90 L.Ed.2d 69 (1986)). In order to uphold the challenge, the court must conclude that the reasons given are neutral and reasonable, and not a pretext designed to achieve the recially based exclusion of a juror. The "Neil inquiry *17 must necessarily focus on the reasons given by the prosecutor for making the challenge." Kibler v. State, 546 So.2d 710, 714 (Fla. 1989).
Mayes v. State, 550 So.2d 496, 498 (Fla. 4th DCA 1989).
Here, the trial court failed to undertake any inquiry into the reasons for the peremptory challenge to three of the black jurors. The state's reliance before the trial court solely upon the fact that one black juror remained was sufficient to trigger the inquiry called for in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The same inquiry deficiency occurred in Williams v. State, 551 So.2d 492 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 235 (Fla. 1990). There, the trial court never probed the motivation underlying the challenges to the black jurors, noting that one black juror and one black alternate juror remained on the panel. The first district, in reversing the trial court, concluded that "any doubt as to whether a defendant has met the burden of showing this likelihood [racially based exclusion] must be resolved in his favor." Id. at p. 496. We, like the first district, subscribe to the view that "the presence of mere numbers is not the real test under Slappy." Id.
This matter is reversed and remanded for a new trial.
SCHOONOVER, C.J., and DANAHY, J., concur.