566 So.2d 1348 (1990)
STATE of Florida, Appellant,
v.
Howard L. WILLIAMS, Appellee.
No. 89-3282.
District Court of Appeal of Florida, First District.
September 12, 1990.
Rehearing Denied October 22, 1990.
*1349 Robert A. Butterworth, Atty. Gen. and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellant.
Barbara M. Linthicum, Public Defender and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellee.
WIGGINTON, Judge.
The state appeals an order granting appellee a new trial due to the trial judge's failure to hold a hearing pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984) after appellee objected to the state's use of peremptory challenges against black jurors. We reverse.
The record shows that appellee is a black male. During his trial on an armed robbery charge, the state used peremptory challenges to strike three black jurors during jury selection. Six blacks were in the prospective jury pool and three of them actually served on the six-person jury. The state did not use all of its peremptory challenges.
In objecting to the striking of the three black jurors, defense counsel asserted that their voir dire statements did not indicate any valid reasons to strike them and that "the only reason they are being stricken is due to their color." The trial judge offered the prosecutor the opportunity to state a rationale for striking them. The prosecutor declined, maintaining that a systematic exclusion of blacks was not evident especially in light of the fact that he had stricken only three blacks and had left three other blacks on the jury. The judge agreed that no systematic exclusion of jurors on the basis of race had occurred and that the defense had not made a prima facie showing that the state was excluding the jurors only because of their race. He did not conduct any further inquiry into the matter.
*1350 After the guilty verdict was rendered, defense counsel moved for a new trial alleging, in pertinent part, that the court erred in not requiring the state to set forth its reasons for challenging peremptorily the three black jurors merely because the state had left three other black jurors on the panel. At the motion hearing, defense counsel argued that no matter how many black jurors are left on the jury, the trial judge must examine the exclusion of each individual black juror and should hold a full Neil hearing anytime the defense raises an objection, based on racial grounds, to the peremptory exclusion of a juror. The state responded that since the judge did not find a strong likelihood that the jurors were being stricken only because of race, there was no necessity to hold a Neil hearing. The state also argued that the record clearly showed that the peremptory challenges were exercised for valid reasons  one of the jurors knew the defendant in high school, another expressed that she was afraid to sit on the jury, and the third had a relative that had been charged with a crime. The judge specifically stated that, having observed the voir dire examinations, he was aware that appropriate reasons for the strikes existed and he did not find the striking of the three black jurors by the state to be racially based. However, he expressed his conviction after further reflection upon State v. Slappy, 522 So.2d 18 (Fla. 1988) and its progeny, that the law mandates that anytime a Neil objection is made on either side, the trial judge must require the other party to set forth its reasons for challenging a juror and, at that time, he must determine whether the reasons given are acceptable. Thereupon, he granted appellee's motion for a new trial due to his own failure to so act.
The trial judge misapplied the law in this case. In Neil, the court announced the procedure to be followed in challenging the use of peremptories. That procedure includes the observation that peremptories are initially presumed to be exercised in a nondiscriminatory manner; the challenging party must first make a prima facie showing that a strong likelihood exists that the challenge has been exercised solely on the basis of race; if that burden is met, the trial judge must then decide whether the peremptory challenges are being exercised in a racially exclusionary manner by considering, within the context of the case, the reasons given for the strikes. Thus, contrary to the trial judge's conclusion at the motion hearing, the current law does not require a full Neil inquiry in all circumstances in which a Neil objection is made. That inquiry is required only after the initial burden of showing a strong likelihood of racial exclusion has been met. See Reynolds v. State, 555 So.2d 918 (Fla. 1st DCA 1990) and Neil.
The trial judge found both initially and at the hearing on the motion for new trial that defense counsel failed to meet his initial burden in this case. That determination is supported by the record. As recent decisions recognize, a trial judge has broad discretion in making a determination regarding the meeting of that mandatory initial burden. Adams v. State, 559 So.2d 1293 (Fla. 3d DCA 1990); Reed v. State, 560 So.2d 203 (Fla. 1990); Bryant v. State, 15 F.L.W. S178 (Fla. March 29, 1990); Norwood v. State, 559 So.2d 1255 (Fla. 3d DCA 1990). Thus, that specific determination in the instant case is to be afforded great deference. See Adams. Consequently, the trial judge did not err in not conducting a full Neil inquiry during voir dire and to have granted a new trial on that basis was error.
REVERSED.
NIMMONS and ZEHMER, JJ., concur.