587 So.2d 1363 (1991)
Warren A. JOHANS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1463.
District Court of Appeal of Florida, Fifth District.
September 26, 1991.
Rehearing Denied November 8, 1991.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
*1364 Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant, Warren A. Johans, appeals his convictions and sentences for the offenses of burglary of a dwelling with an accompanying battery[1] and attempted sexual battery.[2] Appellant contends that the trial court committed reversible error by failing to conduct a Neil[3] inquiry upon the state's peremptory challenge of a black venire member. We agree with appellant's contention. Consequently, we reverse appellant's convictions and sentences and remand this case to the trial court for a new trial.
During voir dire of the initial fourteen prospective jurors who had been called from a larger jury pool, the state exercised a peremptory challenge and struck the sole black member of these initial fourteen prospective jurors. Appellant, who is black,[4] objected and requested the trial court to conduct a Neil inquiry. The trial court refused appellant's request and, as a result, the state never articulated a reason for striking the prospective juror. The trial court apparently concluded that because there were additional blacks in the jury pool, the state's peremptory strike of the black venire member did not create a strong likelihood that the prospective juror had been stricken because of her race. On appeal appellant challenges this ruling.
The state contends that the ruling of the trial court should be affirmed because appellant failed to demonstrate that the state excused the sole black venire member based solely on racial reasons. The state emphasizes the fact that the record demonstrates that there were additional blacks in the jury pool and that another black juror was eventually seated on appellant's jury. We reject the state's contention because it does not comport with applicable case law.
As was stated in State v. Slappy, 522 So.2d 18, 21 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), "the issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused independent of any other." (emphasis in original). See also St. Louis v. State, 584 So.2d 180 (Fla. 4th DCA 1991). Recently, in Williams v. State, 574 So.2d 136, 137 (Fla. 1991), the supreme court unequivocally stated, "[w]henever a sufficient doubt has been raised as to the exclusion of any person on the venire because of race, the trial court must require the state to explain each one of the allegedly discriminatory challenges." (emphasis in original). "Under Slappy, the trial court should have resolved all doubts in favor of the defense and conducted the inquiry." Id., at 137. See also Wright v. State, 586 So.2d 1024 (Fla. 1991). Also, in Reynolds v. State, 576 So.2d 1300 (Fla. 1991), the supreme court specifically ruled that the act of eliminating all minority venire members, even if their number totals only one, automatically shifts the burden to the state to justify the excusal upon a proper defense motion and that it is reversible error if the trial court does not require the state to account for its peremptory strike of the sole minority venire member. Id., at 1302.
The state also relies on the recent case of Taylor v. State, 583 So.2d 323 (Fla. 1991), claiming that the ruling therein supports affirmance. However, the facts of the instant case are not even close to the factual setting of Taylor.
In Taylor, the state struck prospective juror Farragut who was one of four black *1365 members of the venire, and the first black to reach the jury box. In response to a Neil motion, the prosecutor informed the trial judge that he was not systematically excluding blacks from the panel because the effect of striking Farragut was to place a black woman on the panel. The trial judge concluded that the state was not systematically excluding blacks from the jury and did not require the prosecutor to articulate his reasons for striking Farragut. The prosecution later peremptorily struck the third black venire member, Jacqueline Boyd, but after a Neil inquiry was conducted by the trial judge the state withdrew its challenge to Boyd and the defense accepted this withdrawal. Boyd was then seated as a juror. On appeal defendant challenged the propriety of the voir dire, claiming that the trial judge erred in failing to require the prosecutor to explain his reasons for challenging Farragut and Boyd. The supreme court rejected this claim, ruling first that it was not error for the trial judge to refuse to require the state to provide reasons for challenging Farragut because the facts did not suggest a strong likelihood that Farragut was challenged solely because of his race:
We realize that under State v. Slappy, 522 So.2d 18, 21 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), the striking of even a single black juror for racial reasons is impermissible. See also Reynolds v. State, 576 So.2d 1300 (Fla. 1991) (striking of only black venire member shifts burden to require justification for challenge). However, on this record, the mere fact that the state challenged one of four black venire members does not show a substantial likelihood that the state was exercising peremptory challenges discriminatorily, particularly since the effect of the challenge was to place another black on the jury. (citation omitted). The record does not reveal the requisite likelihood of discrimination to necessitate an inquiry into the state's reasons for challenging juror Farragut.
Id., 583 So.2d at 327. The court further ruled that, as to defendant's concern over the propriety of the state's challenge of juror Boyd, the state's withdrawal of the challenge to Boyd, which was accepted by defense counsel, removed the trial judge's determination that the state might have been exercising peremptory challenges discriminatorily. Taylor, 583 So.2d at 327. In Taylor, the supreme court cites with approval Slappy and Williams:
Thus, once a sufficient doubt is raised that a prospective juror may have been eliminated because of race, "the trial court must require the state to explain each one of the allegedly discriminatory challenges." Williams v. State, 574 So.2d 136, 137 (Fla. 1991). (Emphasis added).
In the instant case, a doubt that the state excused a juror because of her race was created when the state peremptorily struck, without explanation, the sole black venire member in the initial fourteen prospective jurors who were seated for voir dire. Thus, the trial court should have resolved all doubts in favor of appellant and conducted a Neil inquiry to assure that the state was not striking this black juror for racial reasons and to protect the integrity and fairness of the jury selection process. Reynolds, supra.
We note that in Reynolds, the Florida Supreme Court, in quashing the First District Court's opinion, specifically approved of the district court's decision in Parrish v. State, 540 So.2d 870 (Fla. 3d DCA 1989), which reversed and remanded the cause for a new trial where the sole ground for reversal was the trial court's failure to conduct a full Neil inquiry. However, in the same paragraph of Reynolds, the Florida Supreme Court approves the result reached in Pearson v. State, 514 So.2d 374 (Fla.2d DCA 1987), while disagreeing with the district court's "tacit assumption that Neil provides less protection than the federal *1366 law expounded in Batson."[5] In Pearson, the district court remanded the cause
... for the holding of a Batson hearing with instructions that if the trial court finds that the state has not met its burden of providing a recially neutral explanation for the exercise of its challenge in this case, the trial court should set aside the appellant's convictions and order a new trial.
Id., at 376. We note a conflict in regard to the form of relief afforded an appellant when the trial court fails to conduct the necessary Neil inquiry. Neil, which involved the sole issue of failure to conduct the required inquiry, held "that Neil should be given a new trial before a new jury." Id., at 487. In Reynolds the supreme court specifically reaffirms Neil. Thus, we conclude that the supreme court intends that the relief afforded should be a new trial, but we certify this matter because of the supreme court's approval in Reynolds of both Parrish and Pearson.
REVERSED and REMANDED for a new trial.
COBB and W. SHARP, JJ., concur.
NOTES
[1] §§ 810.02(1), 810.02(2)(a) and 784.03, Fla. Stat. (1989).
[2] §§ 777.04 and 794.011(3), Fla. Stat. (1989).
[3] State v. Neil, 457 So.2d 481 (Fla. 1984).
[4] We note that a defendant does not have to be black to challenge the state's use of peremptory challenges to exclude black venire members. Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).
[5] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).