PER CURIAM.
The defendant, Maeola Strong, appeals her judgment and sentence. Along with several other defendants, Ms. Strong was charged with conspiracy to traffic in cocaine and a related RICO violation.[1] At the conclusion of the state’s case, the trial court acquitted the defendant on the conspiracy charge. The racketeering charge, however, led to a jury verdict against the defendant.
Ms. Strong maintains that: 1) the trial court erred in denying a judgment of acquittal on the racketeering charge; 2) the trial court erred in allowing the admission of various hearsay statements of coconspir-ators; and 3) the trial court erred during jury selection by allowing the state’s peremptory strike of a black juror without satisfying Neil requirements.[2] We find no merit to the first issue, but conclude that the error during jury selection requires a new trial under the circumstances of this case. See Smith v. State, 571 So.2d 16 (Fla. 2d DCA 1990); Stubbs v. State, 540 So.2d 255 (Fla. 2d DCA 1989). Although we are troubled by the argument that errors occurred during the introduction of coconspirator testimony, the new trial will take place under substantially different circumstances because it will only involve this defendant and will not include the conspiracy count on which the defendant has been acquitted. Accordingly, we decline to discuss that issue at this time.
Reversed and remanded.
HALL, A.C.J., and PARKER and ALTENBERND, JJ., concur.

. Similar charges were also filed in Broward County. See State v. Strong, 593 So.2d 1065 (Fla. 4th DCA 1992).

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), and clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).