618 So.2d 341 (1993)
Isaiah Johnson GRADY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-00590, 90-00594.
District Court of Appeal of Florida, Second District.
May 14, 1993.
*342 James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Isaiah Johnson Grady, challenges his revocations of probation and resulting sentences in two consolidated cases. He argues that the court erred as follows: First, the court should have used a single scoresheet; and second, the judge should not have presided over appellant's probation revocation hearing since he (the judge) had witnessed the act resulting in the alleged violation. We agree only with his first argument and reverse and remand for resentencing. We otherwise affirm the revocation of appellant's probation.
On June 20, 1985, appellant was charged by information with failure to appear (Circuit Court Case No. 85-6275). Appellant had failed to appear because he had escaped a work release program. He was subsequently charged with escape (Circuit Court Case No. 85-856). Appellant pled guilty to failure to appear, but was not adjudicated guilty of that offense until January 25, 1990, when the court sentenced him after revoking his probation. Meanwhile, on April 24, 1986, appellant pled guilty to possession of cocaine, battery on a law enforcement officer, possession of paraphernalia and resisting an officer without violence (Circuit Court Case No. 85-7749). A category seven scoresheet (drugs) was used, showing the primary offense to be possession of cocaine (85-7749). Additional cases listed were: 85-856, 85-857 and 85-6275. The scoresheet scored points for the following offenses: Possession of cocaine, possession of paraphernalia, battery on a law enforcement officer and resisting without violence (85-7749); failure to appear (85-6275); and escape (85-856). The record does not reveal what offenses were charged in 85-857. The guidelines' recommended sentence under this scoresheet was three-and-one-half to four-and-one-half years Florida state prison (F.S.P.). The court withheld adjudication on possession of cocaine and battery on a law enforcement officer, and placed appellant on probation *343 for five years on each count, "concurrent with 85-6275." (However, the record contains no sentence on 85-6275.) Appellant was sentenced to time served on the other two counts. A note on the order placing appellant on probation indicated that appellant pled guilty to the escape charge (85-856) and was sentenced to three years F.S.P. The bench notes indicate that the concurrent five-year probationary terms were to be consecutive to the three-year prison term on escape.
Almost three years later, on December 4, 1989, an affidavit of violation of probation was filed, alleging that appellant had committed numerous violations of his probation, including the additional offenses of armed burglary, kidnapping, aggravated battery, sexual battery and robbery, all occurring on May 19, 1989. These new violations were charged in 89-8472. An amended affidavit of violation of probation was filed on January 11, 1990, adding that appellant had also committed aggravated battery on his attorney in court during his trial on 89-8472 (aggravated battery on attorney charged in 89-19450). A second amended affidavit of violation of probation was filed on January 16, 1990, alleging that appellant had also committed aggravated assault with a motor vehicle on a detective and had resisted an officer with violence (89-8548).
On January 17, 1990, appellant came before the court for sentencing on his violations of probation in both 85-6275 and 85-7749, and on his new substantive offenses contained in 89-8548 (aggravated assault on an officer and resisting with violence) and 89-8472 (armed burglary, robbery with a deadly weapon, two counts of kidnapping, two counts of aggravated assault and sexual battery).
Sentencing on the violation of probation was deferred because appellant alleged that he had not known he was on probation when he committed the new offenses. To verify that allegation, the court needed the prior sentencing transcript which was not then available. The court did indicate, however, that the scoresheet that it used on that day, January 17, to sentence appellant on the new substantive offenses would be the same scoresheet used on the later violation of probation sentencing. Using a category two scoresheet (sexual offenses), the court proceeded to sentence appellant for his new offenses in 89-8548 and 89-8472 as follows:
Case number 89-8548:
Count I: Aggravated assault of an officer  habitualized; 30 years F.S.P.
Count II: Resisting with violence  ten years F.S.P., consecutive to Count I.
Case number 89-8472:
Count I: Armed burglary  life.
Count II: Robbery with deadly weapon  life, consecutive to Count I.
Count III: Kidnapping  life, consecutive to Count II.
Count IV: Kidnapping  life, consecutive to Count III.
Count V: Aggravated assault  five years F.S.P., consecutive to Count IV.
Count VI: Aggravated assault  five years, consecutive to Count V.
Count VII: Sexual battery  life, consecutive to Count VI.
The court specifically stated that if this sentencing was a departure, its reasons were that appellant was a habitual offender and that he had a "continuing persistence of criminal activity." This appeared to relate to the proximity in time between appellant's release from prison and his commission of new offenses.
Eight days later, on January 25, 1990, having obtained the documentation on the previous hearing and determined that appellant had been advised of his probationary status, the court, using a category nine scoresheet (all other felony offenses), not the category two scoresheet (sexual offenses) it used on January 17, sentenced appellant on his violation of probation in 85-6275 (failure to appear) and 85-7749 (possession of cocaine, battery on a law enforcement officer)[1]. The court adjudicated *344 appellant guilty of failure to appear in 85-6275 and revoked his probation in that case and in 85-7749. On the scoresheet, failure to appear was listed as the primary offense, and 85-7749 was listed as an additional offense at conviction. The recommended guideline sentence was nine to twelve years F.S.P., and the permitted range was twelve to seventeen years F.S.P. The court sentenced appellant to five years F.S.P. on each of the three counts, consecutive, for a total of fifteen years, consecutive to any sentence he was then serving.
Appellant argues that: (1) The court should have used one scoresheet at one hearing, not two scoresheets at two hearings; and (2) Judge Menendez should not have presided at the revocation hearing since Judge Menendez had witnessed one of the alleged probation violations, the aggravated battery of the attorney in the courtroom (89-19450).
Appellant is correct in arguing that the court should have used only one scoresheet. Florida Rule of Criminal Procedure 3.701(d)(1) provides that "[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing." The phrase, "pending before the court for sentencing" has been interpreted by the supreme court in Clark v. State, 572 So.2d 1387 (Fla. 1991), to mean that a verdict of guilt or a plea of guilty or nolo contendere has been entered[2]. However, this conclusion that only one scoresheet may be used must be tempered by a second rule that would appear at times to conflict with the first rule, especially when read with a third rule. The second rule provides that when sentencing on a violation of probation, the court must use the original scoresheet. Harris v. State, 574 So.2d 1211 (Fla. 2d DCA), dismissed, 581 So.2d 1310 (Fla. 1991). Those two rules together would appear to require that, when a court is imposing sentence on a violation of probation and new substantive offenses, the original scoresheet from the offense for which the defendant's probation is being revoked (the underlying substantive offense) must always be used. That is not entirely true, however. Under Florida Rule of Criminal Procedure 3.701(d)(3), the scoresheet for the underlying substantive offense will be the scoresheet that is used to determine the maximum total sentence that can be imposed in regard to all cases pending for sentencing only if it is the scoresheet that provides the most severe sanction. Rule 3.701(d)(3), which sets forth the method for determining which offense is the primary offense, requires that a separate scoresheet be prepared for each offense, scoring each offense as the primary offense, with the other offenses scored as additional offenses. The court is then to use that scoresheet which recommends the most severe sanction. Once the appropriate scoresheet is selected and scored, the court then knows what the maximum total guidelines sentence is, and can sentence accordingly for each individual offense within that total maximum range. In that regard, the total sentence imposed for any violation of probation will be the recommended sentence as taken from the original scoresheet on the underlying substantive offense, plus the allowed one-cell bump for each violation of probation. Sentencing on other offenses will proceed likewise according to the guidelines and other applicable statutes. We believe this procedure is in accord with the supreme court's recent pronouncement in State v. Tito, 616 So.2d 39 (Fla. 1993). See also State v. Stafford, 593 So.2d 496 (Fla. 1992).
In this case, under Clark, the following offenses were "pending before the court for sentencing": Failure to appear (85-6275); *345 possession of cocaine, battery on a law enforcement officer (85-7749); armed burglary, robbery with a deadly weapon, two counts of kidnapping, two counts of aggravated assault, sexual battery (89-8472); aggravated assault on an officer, resisting arrest with violence (89-8548).
The court ultimately, however, used two scoresheets, category nine (all other felony offenses) on the new offenses, and category two (sexual offenses) on the probation revocation. This was error. First, all offenses should have been considered together. All were "pending for sentencing" at the same time, or the judge knew they would be pending for sentencing within a few days, and should have been considered at the same time. Second, in considering them together, the court should have had before it: (1) A separate scoresheet for each offense, listing it as the primary offense; and (2) the original scoresheets on the offenses for which appellant was initially given probation, with a one-cell bump up for each violation. Williams v. State, 594 So.2d 273 (Fla. 1992). The court then should have determined which scoresheet recommended the most severe sanction and used that scoresheet to determine the total guidelines sentence allowed. Fla.R.Crim.P. 3.701(d)(12). In imposing sentence, that total guidelines sentence must not be exceeded, and the court must impose a sentence for each offense within that total range. Id. The sentence imposed for each original offense for which the appellant's probation is revoked cannot exceed the one-cell bump for each violation of probation, and sentences imposed for the offenses which caused appellant's probation to be revoked must fall within the remaining parameters of the total guidelines sentence allowed.
Since the court here did not follow this procedure, we reverse and remand for proper sentencing.
Turning to appellant's second issue, we conclude that it was not error for Judge Menendez to preside at the revocation hearing. First, the facts of appellant's aggravated battery violation were not disputed; rather, appellant argued that his probation should not have been revoked because he did not know he was on probation. Second, appellant was violated for many other much more serious offenses, any one of which would have been sufficient to revoke his probation. We believe this may be analogized to the situation in which a judge finds a litigant in contempt of court and then sentences that litigant for the contempt. Thus, we consider Judge Menendez' witnessing of one of the numerous offenses for which appellant was violated to have been harmless error at best.
Accordingly, we affirm the revocation of appellant's probation, reverse appellant's sentences and remand for further proceedings.
DANAHY, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Appellant had already been sentenced to time served for possession of paraphernalia and resisting, the other two offenses charged in 85-7749, so those offenses did not require a sentence.
[2] We note parenthetically that Clark does not require the defendant to request simultaneous sentencing where there are several cases that are actually pending for sentencing at the same time. The defendant is only required to request simultaneous sentencing if one or more of the cases do not meet the "pending for sentencing" definition. In that case, the defendant may request simultaneous sentencing, and the court must grant his request so long as doing so does not unreasonably delay sentencing. Clark, 572 So.2d at 1391.