HARRIS, Chief Judge.
Defendant Melodie Mansfield appeals her aggregate sentence imposed in three different cases. The initial case involved three counts: aggravated battery on a law enforcement officer with great bodily harm, battery on a law enforcement officer, and resisting arrest with violence. Mansfield was placed on community control for these offenses. In the second case, Mansfield was charged with possession of cocaine and violation of community control. In the third and final case, Mansfield was charged with six counts: aggravated assault upon a law enforcement officer, two counts of battery upon a law enforcement officer, obstructing an officer with violence, battery, and improper exhibition of a dangerous weapon.
Mansfield signed a plea agreement in which she acknowledged that she qualified as an habitual felony offender and that she would be sentenced to the Department of Corrections for a term within the guidelines range.
At sentencing, the court expressly stated that Mansfield would not be habitualized and then sentenced her to five years’ incarceration for the first case, five years’ incarceration for the second case, and ten years’ incarceration for the third ease. All three sentences were to run consecutive for a total of twenty years’ incarceration. Mansfield appeals this sentence, claiming it is outside the guidelines and that the trial court erred in failing to provide a reason for this departure.
The sentencing scoresheet in this case placed Mansfield in the sixth cell which carries a recommended range of five and a half to seven years and a permitted range of four and a half to nine years. However, the trial court was at liberty to “bump” the sentence one cell above the guidelines range because Mansfield was also being sentenced for crimes for which she was originally placed on community control but has now violated. Peters v. State, 531 So.2d 121 (Fla.1988); Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990). This “bump” places Mansfield in the eighth cell which has a recommended range of seven to nine years and a permitted range of five and a half to twelve years.
Because Mansfield’s maximum aggregate sentence for all three cases could not exceed twelve years, the sentence on appeal, which totals twenty years, is illegal. If the court intended to depart from the guidelines by making all the sentences cumulative, this was error. However, we find nothing in the transcript which in any way indicates the trial court intended such a departure. In fact, in its argument that the defendant be habitual-ized, the State asked for only fifteen years’ DOC. The court’s imposition of a twenty-year sentence appears to have been an oversight, rather than an intended departure. We believe the court meant to have the two five-year sentences run consecutive with each other and concurrent with the ten-year sentence, thereby falling within the five and a half to twelve-year permitted range.
For this reason, the cases are remanded for resentencing.
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ„ concur.