651 So.2d 719 (1995)
Sammie Earl BANKSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03352.
District Court of Appeal of Florida, Second District.
February 22, 1995.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
*720 Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Sammie Earl Bankston appeals his sentences imposed at a single sentencing hearing for a violation of probation and for two new offenses. We affirm the sentences imposed in case number 92-554. Based on the reasoning in Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993), we reverse the sentence in case number 90-9992, and remand for resentencing.
Mr. Bankston argues that the trial court improperly added a one-cell bump for violation of probation to a scoresheet that scored a new offense as the primary offense. In an initial opinion, this panel agreed with this argument, primarily because we concluded that a sentence "within the original cell" or the "next higher cell" could only exist on the original scoresheet and not on a newly created scoresheet. See Bankston v. State, 20 Fla. L. Weekly D77 (Fla. 2d DCA Dec. 28, 1994); Fla.R.Crim.P. 3.701(d)(14). On motion for rehearing, the state has convinced us that we misread Peters v. State, 531 So.2d 121 (Fla. 1988), and failed to follow our own precedent. See Peterson v. State, 524 So.2d 473 (Fla. 2d DCA 1988), disapproved on other grounds, 613 So.2d 1319 (Fla. 1993); Pearson v. State, 514 So.2d 374 (Fla. 2d DCA 1987); Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987) (overruling Meadows v. State, 498 So.2d 1018 (Fla. 2d DCA 1986)); Lee v. State, 491 So.2d 1289 (Fla. 2d DCA 1986). See also Frazier v. State, 559 So.2d 1121, 1122 (Fla. 1990) (Grimes, J., concurring), cert. denied, 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990); Mansfield v. State, 633 So.2d 1151 (Fla. 5th DCA 1994); Stokes v. State, 529 So.2d 323 (Fla. 1st DCA), review denied, 538 So.2d 1255 (Fla. 1988); Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987). The established precedent allows the trial court to sentence in the next higher cell both on the scoresheet for the new offense and on the scoresheet for the offense resulting in the violation of probation.
In case number 90-9992, the state charged Mr. Bankston with carrying a concealed weapon, a third-degree felony. In November 1990, he pleaded guilty and was placed on 5 years' probation. At that sentencing hearing, his scoresheet totalled 29 points, which placed Mr. Bankston's permitted sentence within the second cell of a category 8 scoresheet.
In case number 92-544, the state charged Mr. Bankston with armed robbery and burglary of a dwelling with a firearm. These new offenses were the basis for the violation of probation in the 1990 case. After a jury convicted Mr. Bankston of the new charges, the trial court properly scheduled a combined sentencing hearing for the new convictions and for the violation of probation. Clark v. State, 572 So.2d 1387 (Fla. 1991).
At the sentencing hearing, the trial court understood that it was obligated to select a single scoresheet for use in both cases. State v. Tito, 616 So.2d 39 (Fla. 1993). A new scoresheet was prepared using robbery with a firearm as the primary offense. The earlier conviction for carrying a concealed firearm was properly scored as prior record, and 17 points were added for the legal constraint resulting from the probation in that case. This new category 3 scoresheet totalled 213 points and permitted a sentence between 7 and 17 years' imprisonment without any bump for violation of probation. The trial court then added a one-cell bump to the new scoresheet for the violation of probation on the offense that was scored as prior record (case number 90-9992). This increased the maximum permitted sentence to 22 years' imprisonment.
The trial court considered the scoresheet in case number 90-9992 with a one-cell bump for the violation of probation. That scoresheet permitted a maximum sentence of only 3 1/2 years' imprisonment for all offenses. Accordingly, the trial court correctly concluded that it should use the new scoresheet. See State v. Stafford, 593 So.2d 496 (Fla. 1992); Grady, 618 So.2d 341.
For the two new offenses in case number 92-544, the trial court sentenced Mr. Bankston to 20 years' imprisonment, followed by 2 years' community control, followed by life *721 probation. We affirm that sentence pursuant to Peters.
The trial court also imposed a concurrent term of 5 years' imprisonment on the concealed firearm conviction in case number 90-9992. We reverse that sentence because it violates our holding in Grady that the maximum sentence on a violation of probation is the sentence authorized by the original scoresheet with a one-cell bump, even when the new scoresheet authorizes a longer sentence. Thus, despite the fact that the 5-year sentence in case number 90-9992 is well within the 22-year permitted range on the new scoresheet properly selected by the trial judge, it exceeds the 3 1/2-year limit on the original scoresheet. On remand, the trial court must restrict the sentence in case number 90-9992 to the maximum allowed on the original scoresheet, with a one-cell bump.
As we recently did in Lamar v. State, 648 So.2d 775 (Fla. 2d DCA 1994), we also certify this question to the supreme court:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND A VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE SENTENCING GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY V. STATE, 618 So.2d 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE V. TITO, 616 So.2d 39 (FLA. 1993)?
Affirmed in part, reversed in part, and remanded for resentencing.
SCHOONOVER, A.C.J., and BLUE, J., concur.