PER CURIAM.
Vernon Charles Richardson appeals his conviction for burglary of a dwelling with assault or battery. We have considered the issues Richardson raises attacking that conviction and conclude that none have merit. Accordingly, we affirm the judgment for burglary of a dwelling with assault or battery in Case no. 93-06945. Although we affirm the burglary conviction in that case, we have determined that there was an error in sentencing Richardson for the five eases[1] involving violations of probation for which Richardson was sentenced at the same time as the burglary offense. We have also determined that the total sentences imposed for the violations of probation and the new substantive offense constitute a departure from the guidelines for which the trial court failed to provide written reasons. We, therefore, reverse the sentences in the violation of proba *433 tion cases and Case no. 93-06945 and remand these cases for resentencing.
At the time that Richardson committed the new substantive offense of burglary, he was on probation in five cases. At sentencing on the new substantive offense, the trial court revoked Richardson’s probation in those five cases and sentenced him on the violations at the same time as sentencing him on the new substantive offense. The transcript of the sentencing hearing and the record reflect that the trial court prepared a new score-sheet utilizing the new substantive offense as the primary offense and listed the cases for which he was on probation as prior offenses. The new scoresheet called for a twenty-seven-year to life imprisonment range. The trial judge then utilized the new scoresheet to sentence Richardson on both the revocation cases and the new substantive offense. The trial judge sentenced Richardson on each of the revocation cases and ordered the sentences to run consecutively, resulting in a sixty-five-year cumulative sentence for those cases. The trial court then imposed a life sentence for the new substantive offense to run consecutively to the sentences in the revocation cases.
According to Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993), the trial court is limited to a one-cell bump on the original scoresheet for the sentencing on the revocation of probation cases. See also Bankston v. State, 651 So.2d 719 (Fla. 2d DCA 1995). The maximum sentence permitted under the original scoresheet, including the increase by one cell authorized for violation of probation, is twenty-seven years in prison. Because the trial court ordered the sentences in the revocation eases to run consecutively, the total number of years to be served was sixty-five years which exceeds the twenty-seven-year maximum under the original scoresheet. Based on Bankston and Grady, we reverse the sentences in the revocation of probation cases and remand those cases for resentenc-ing in accordance with Grady.
The trial court correctly used the new scoresheet to sentence Richardson on the new substantive offense in Case no. 93-06945. See Grady. However, the trial court departed from the sentencing guidelines in ordering the life imprisonment sentence for that offense to run consecutively to the term-of-year sentences for the violation of probation cases. See Ivey v. State, 633 So.2d 530, 531 (Fla. 2d DCA 1994) (‘When the guidelines recommend a life sentence and the trial court imposes life plus a consecutive term of years, such sentence is a departure requiring written reasons.”). Because the trial court did not provide written reasons to support the departure from the guidelines, we must also reverse the sentence in Case no. 93-06945. The transcript of the sentencing hearing and the scoresheet do not show that the trial court intended to depart from the guidelines; therefore, it is unclear whether the trial court knew it was departing from the guidelines. On remand the trial court may either enter written reasons supporting the departure or it may sentence Richardson within the guidelines. See Betancourt v. State, 552 So.2d 1107 (Fla.1989); Ivey.
We affirm the judgment for the new substantive offense in Case no. 93-06945. We reverse the sentences in the revocation of probation cases and in Case No. 93-06945.
As this court did in Lamar v. State, 648 So.2d 775 (Fla. 2d DCA 1994), we certify the following question of great public importance:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND A VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE SENTENCING GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY V. STATE, 618 SO.2D 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE V. TITO, 616 S0.2D 39 (FLA. 1993)?
Affirmed in part; reversed in part; and remanded for resentencing in accordance with this opinion.
*434 CAMPBELL, A.C.J., and LAZZARA, J., concur.
PARKER, J., concurs in part, dissents in part with opinion.

. Case numbers 89-6616, 89-13288, 89-13344, 89-13375, and 89-14088.