PER CURIAM.
We have for review the Second District’s decision in Bankston v. State, 651 So.2d 719 (Fla. 2d DCA 1995), wherein the district court certified the following question of great public importance:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND A VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE SENTENCING GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY v. STATE, 618 S0.2D 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE v. TITO, 616 S0.2D 39 (FLA. 1993)?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In State v. Lamar, 659 So.2d 262 (Fla. 1995), we have answered an identical question. In so doing, we held that when a defendant is being sentenced for both a violation of probation and a new substantive offense, the trial court is not limited to a one-cell bump on the original seoresheet for the violation of probation offense, but is permitted to use the seoresheet which recommends the most severe sanction.
Therefore, we quash the district court’s decision to the extent it is inconsistent with Lamar, and direct that further proceedings be in accord herewith.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.