PER CURIAM.
We have for review the Second District’s decision in Richardson v. State, 653 So.2d 432 (Fla. 2d DCA 1995), wherein the district court passed upon the following question certified to be of great public importance:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE SENTENCING GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY V. STATE, 618 SO.2D 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE V. TITO, 616 SO.2D 39 (FLA.1993)?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In State v. Lamar, 659 So.2d 262 (Fla.1995), we answered the identical question. In so doing, we held that when a defendant is being sentenced for both a violation of probation and a new substantive offense, the trial court is not limited to a one-cell bump on the original scoresheet for the violation of probation and a new substantive offense, but is permitted to use the scoresheet which recommends the most severe sanction. Lamar, 659 So.2d at 263, 265.
Therefore, we quash the district court’s decision to the extent it is inconsistent with Lamar, and direct that further proceedings be in accord herewith.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.