PER CURIAM.
The Sentencing Guidelines Commission has petitioned the Court to adopt the following amendments to Florida Rules of Criminal Procedure 3.701 and 3.988:
(1) The Sentencing Guidelines Commission has readopted and does recommend those changes presented to this Court prior to the 1985 legislative session. [These changes are set out in The Florida Bar: Amendment to Rules of Criminal Procedure, 468 So.2d 220 (Fla. 1985).]
(2) Eliminate the last sentence of the committee note to (d)(3). This revision is in line with the redefinition of “primary-offense” previously approved and is intended to conform the committee note to the text of revised 3.701(d)(3).
(3) Replace the forms that now appear at 3.988(aHi) with those forms promulgated by the office of the state courts administrator and utilized in all circuit courts in the State of Florida. (Attached are copies of all offense category score-sheets.)
(4) Revise the first sentence of 3.701(d)(1) to replace the word “prepared” with the word “utilized.” This change will clarify the apparent inconsistency between the wording appearing at 3.701(d)(1) and (d)(3) as it applies to the procedure for determination of primary offense.
(5) Revise the form appearing at 3.988(a) to incorporate a point value for inclusion in the prior record factor to be utilized in the determination of recommended sentence by scoring each prior conviction under section 316 193, Florida Statutes (Supp.1984), or section 316.1931, Florida Statutes (Supp.1984), or section 327.351, Florida Statutes (Supp.1984), at a value of thirty-two (32) points. This point value will be applied only where the offender is convicted of a violation of section 316.1931 or section 327.351, where the operation of a motor vehicle or vessel by the offender while intoxicated as defined in section 316.1931(1) or section 327.351(1), results in the death of any human being and the scoresheet utilized in sentencing is the form appearing at 3.988(a). For purposes of determining a prior conviction for violation of the above-enumerated statutes, a prior conviction for violation of section 316.1931 or section 316.193 or former section 860.-01 or former section 316.028, or a previous conviction for any substantially similar alcohol-related or drug-related traffic offense outside this state, shall also be considered as a prior conviction.
(6) Expand the committee note to (d)(4) by the addition of the following wording: “In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, they shall be scored as additional counts of the primary offense. All other offenses for which the defendant is convicted and are pending before the court for sentencing shall be scored as additional offenses.” This revision is intended to eliminate confusion concerning the scoring of multiple counts of primary offense and represents no change in the intent of the commission concerning the point valuation for primary offense.
(7) Expand the wording appearing at 3.701(d)(4) to read: “Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon *312 their degree and the number of counts of each.”
(8) Expand the committee note to (d)(5) to add: “For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as ‘prior record’ and not as ‘additional offense’.” The commission took this action to clarify its intent concerning the application for scoring purposes of the offense which results in the imposition of probation where the offender commits an offense subsequent to the date probation is imposed and where both offenses are before the court for sentencing and the subsequent offense is scored as “primary offense.”
(9) Expand the committee note to (d)(13) by adding the following sentence: “Community control is not an alternative sanction from the recommended range of any nonstate prison sanction unless the provisions of Florida Rule of Criminal Procedure 3.701(d)(ll) are applied.” This revision is intended to clarify the intent of the commission that community control is not to be considered as a nonstate prison sanction under the guidelines.
(10) Expand 3.701(d)(14) by adding language to the second sentence so that the paragraph reads as follows: “Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.”
(11) Revise 3.701(d)(13) by eliminating certain language. The revised first sentence of (d)(13) will now read: “Community control is a form of intensive supervised custody in the community involving restriction of the freedom of the offender.” The second sentence of that portion of the rule will remain unaltered.
(12) Expand the committee note to (d)(13) by adding a second sentence to read: “It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.”
(13) Expand the committee note to (d)(ll) by the addition of the following sentence: “Where deemed appropriate, the sentencing courts may include the following language in the written statement articulating the reasons for departures: If one or more or the foregoing reasons for departure are determined, upon appellate review, to be impermissible, it would still be the decision of this court to depart from the guidelines recommended sentence, upon the basis of the remaining permissible reason or reasons, and to impose the same sentence herein announced.”
After studying these proposed changes, we approve them except for the amendment to paragraph (d)(ll) of the committee note as set out above in paragraph (13).* The committee notes adopted herein are part of the rules.
The rules, as amended, are set out following this opinion. Subject to approval by the legislature, these changes will be effective at 12:01 a.m., July 1, 1986.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
RULE 3.701. SENTENCING GUIDELINES
*313 a. This rule is to be used in conjunction with forms 3.988(a)-(i).
b. Statement of Purpose
The purpose of sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process. The guidelines represent a synthesis of current sentencing theory and historic sentencing practices throughout the state. Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision.
The sentencing guidelines embody the following principles:
1. Sentencing should be neutral with respect to race, gender, and social and economic status.
2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
3. The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.
4. The severity of the sanction should increase with the length and nature of the offender’s criminal history.
5. The sentence imposed by the sentencing judge should reflect the length of time to be served, shortened only by the application of gain time.
6. While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons.
7. Because the capacities of state and local correctional facilities are finite, use of incarcerative sanctions should be limited to those persons convicted of more serious offenses or those who have longer criminal histories. To ensure such usage of finite resources, sanctions used in sentencing convicted felons should be the least restrictive necessary to achieve the purposes of the sentence.
c. Offense Categories
Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 [except subsection 782.-G4(l)(a) ], and subsection 316.1931(2), and section 327,351(2)
Category 2: Sexual offenses: Chapters 794 and 800 and section 826.04
Category 3: Robbery: Section 812.13
Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.-01
Category 5: Burglary: Chapter 810 and subsection 806.13(3)
Category 6: Thefts, forgery, fraud: Chapters 322, 409, 443, 509, 812 (except section 812.13), 815, 817, 831, and 832
Category 7: Drugs: Chapter 893
Category 8: Weapons: Chapter 790 and section 944.40
Category 9: All other felony offenses
d. General Rules and Definitions
1. One guideline scoresheet shall be prepared utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney’s office will prepare the score-sheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.
2. “Conviction” means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
“Primary offense” is defined as that *314 offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the “primary offense at conviction” with the other offenses at conviction scored as “additional offenses at conviction.”
b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
4. Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts.
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed-©! prior to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions.
1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
b) Adult record: An offender’s prior record shall not be scored if the offender has maintained a conviction-free record for a period of ten (10) consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the instant offense primary offense.
c) Juvenile record: All prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the instant of-fesse primary offense and which would have been criminal if committed by an adult, shall be included in prior record.
6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapes, escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
7. Victim injury shall be scored if it is an element of any offenses at conviction.
8. Guidelines ranges: The presumptive sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. However, a sentence range is provided in order to permit some discretion without the requirement of a written explanation for departing from the presumptive sentence.
9. Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the manda *315 tory sentence, the guideline sentence should be imposed.
10. Sentences exceeding statutory máxi-mums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
11. Departures from the guideline sentence: Departures from the guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
13. Community control is a form of intensive supervised custody in the community involving restriction of the freedom of the offender, is a sanction which -the - court may impose upon a finding -that probation is an-unsuitable disposition, When community control is imposed, it shall not exceed the term provided by general law.
14. Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
15. Categories 3, 5, and 6 contain an additional factor to be scored under the heading of Prior Record: Prior convictions for similar offenses. Prior convictions scored under this factor should be calculated in addition to the general prior record score. Scoring is limited to prior felony convictions included within the category.
COMMITTEE NOTE: (a) The operation of this rule is not intended to change the law or requirements of proof as regards sentencing.
(b) These principles are binding on the sentencing court.
(c) Only one category is proper in any particular case. Category 9, “All Other Felony Offenses,” should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.
Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by ch. 777.
The form appearing at Florida Rule of Criminal Procedure 3.988(a) has been revised to incorporate a point value for inclusion in the prior record factor utilized in the determination of recommenced sentence by scoring each prior conviction under section 316.193, Florida Statutes (Supp. 1984), or section 327.351, Florida Statutes (Supp.1984), at a value of thirty-two (32) points. This point value will be applied only where the offender is convicted for a violation of section 316,1931, Florida Statutes (Supp.1984), or section 327.351, Florida Statutes (Supp.1984), where the operation of a motor vehicle or vessel by the offender while intoxicated as defined in section 316.-1931(1), Florida Statutes (Supp.1984), or section 327.351(1), Florida Statutes (Supp. 1984), results in the death of any human being and the scoresheet utilized in sentencing is the form appearing at Florida Rule of Criminal Procedure 3.988(a). For purposes of determining a prior conviction for a violation of the above enumerated statute, a prior conviction for a violation of section 316.1931 or section 316.193 or for *316 mer section 860.01 or former section 316.-028, or a previous conviction for any substantially similar alcohol-related or drug-related traffic offense outside this state, shall also be considered a prior conviction.
(d)(1) Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a score-sheet. Probation and parole officers may be directed to compile guidelines score-sheets only when a presentence investigation has been ordered. The forms for calculating the guidelines are forms 3.988(a)-(i).
(d)(2) This definition applies to both instant offense and prior record scoring.
(d)(3) The proper offense category is identified upon determination of the primary offense. When the defendant is convicted of violations of more than one unique statute, the offenses are to be sorted by statutory degree. In the event of multiple offenses of the same statutory degree, the primary offense is identified by the corresponding offense category with the lowest numerical designation.
(d)(4) No points shall be scored for lesser and included offenses. In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense. All other offenses for which the defendant is convicted and are pending before the court for sentencing shall be scored as additional offenses.
(d)(5) Each separate prior felony and misdemeanor conviction in an offender’s prior record which amounts to a violation of Florida law shall be scored, unless discharged by the passage of time. Any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.
Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld or the record has been expunged.
Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the commission of the instant offense.
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as “prior record” and not as “additional offense.”
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma. Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims.
(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison. Any presumptive sentence may include the requirement that a fine be paid. The presumptive sentences are found in forms 3.988(a)-(i).
(d)(10) If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appro *317 priate category. If the offender is sentenced under section 775.084 (habitual offender), the maximum allowable sentence is increased as provided by the operation of that statute. If the sentence imposed departs from the recommended sentence, the provisions of paragraph (d)(ll) shall apply.
(d)(ll) Reasons for departure shall he articulated at the time sentence is imposed. The written statement shall be made a part of the record, with sufficient specificity to inform all parties, as well as the public, of the reasons for departure. The court is prohibited from considering offenses for which the offender has not been convicted. Other factors, consistent and not in conflict with the Statement of Purpose, may be considered and utilized by the sentencing judge.
(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph (11) are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure. It is' appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.
Community control is not an alternative sanction from the recommended range of any nonstate prison sanction unless the provisions of Florida Rule of Criminal Procedure 3.701(d)(ll) are applied.

*318

*319

*320

*321

*322

*323

*324

*325

*326

*327

*328

*329

*330

*331

*332

*333

*334

*335

 There is too great a temptation to include this phraseology in all departure sentences and we do not believe it appropriate to approve boiler plate language. The trial judge must conscientiously weigh relevant factors in imposing sentences; in most instances an improper inclusion of an erroneous factor affects an objective determination of an appropriate sentence.