573 So.2d 884 (1990)
John STAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1786.
District Court of Appeal of Florida, Fifth District.
December 6, 1990.
On Motion for Rehearing and Certification February 7, 1991.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
In 1987 John Stafford pled guilty to armed burglary and grand theft. He was placed on probation. In 1989 Stafford pled guilty to burglary of a dwelling and violation of probation. He was sentenced to a concurrent 5 1/2 year sentence on both the burglary of a dwelling charge (second degree felony) and grand theft (third degree felony). He appealed claiming the trial court exceeded the maximum five year penalty for a third degree felony and used a score sheet which improperly scored juvenile offenses occurring more than three years before the new substantive offense.
This court agreed and in Stafford v. State, 561 So.2d 32 (Fla. 5th DCA 1990) vacated the sentence because the maximum sentence for a third degree felony was exceeded and because the score sheet was improperly prepared and remanded for resentencing.
On resentencing the court reduced the sentence to five years but, instead of correcting the scoresheet to remove the juvenile convictions, determined that the original 1987 conviction (for which Stafford was placed on probation) should be considered as the primary offense. Since the juvenile offenses occurred within three years of the 1987 offense, the court continued to score them on the scoresheet. This was error.
Committee note (d)(5) to Rule 3.701 Florida rules of Criminal Procedure provides:
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
Since the original 1987 offense cannot be considered as an "additional offense" at the later sentencing for a new substantive offense, we hold that it cannot be the "primary" offense at said sentencing.
*885 Sentence VACATED and REMANDED for resentencing after deleting the juvenile offenses from the scoresheet.
GOSHORN and GRIFFIN, JJ., concur.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
We grant the State's motion for rehearing for the purpose of certifying the following question to the supreme court:
IN VIEW OF THE 1986 AMENDMENT TO THE COMMITTEE NOTE TO FLA. R.CRIM.P. 3.701(d)(5), MUST THE TRIAL COURTS SCORE AN OFFENSE FOR WHICH THE DEFENDANT WAS ON PROBATION AS "PRIOR RECORD" AT A VIOLATION OF PROBATION HEARING INVOLVING NEW SUBSTANTIVE OFFENSES?
It is only because we acknowledge the importance of this issue in criminal sentencing that we certify the question. It appears to us that since violation of probation is not a crime in Florida and since the defendant was previously "convicted" of the offense for which he is on probation, such previous offense cannot be an "offense at conviction" for the new substantive offense nor can it be the primary offense at any subsequent sentencing.
Rehearing is GRANTED; Question CERTIFIED.
GOSHORN, HARRIS and GRIFFIN, JJ., concur.