HARRIS, Judge.
Anthony Douglas Fletcher was sentenced to a combined prison and probation term in 1987 for burglary of a dwelling. After serving the incarcerative portion of his sentence, he was released on probation. In 1989, Fletcher violated his probation by committing a new offense of aggravated assault. He pled guilty to both.
At sentencing the court used a score-sheet on which the 1987 burglary (the offense for which he was serving probation), was scored as the primary offense at conviction while the new assault was scored as the additional offense. The scoresheet also scored points for juvenile offenses occurring more than three years prior to the assault but within three years of the previous burglary. His sentencing range was life imprisonment. The court sentenced appellant to five years imprisonment on the aggravated assault (third degree felony), followed by a new 15-year term of probation on the original burglary charge. Fletcher appeals this sentence and we reverse on the authority of Stafford v. State, 573 So.2d 884 (Fla. 5th DCA 1991). It was error to score the 1987 burglary as “the primary offense.” In addition, the new 15 year probation sentence on the second degree felony, after Fletcher had served three years in prison, also was error.
We reject the suggestion that we recede from Stafford because after analyzing Rule 3.701, Florida Rules of Criminal Procedure, in its entirety, harmonizing its definitions and its policies, we find that Stafford correctly states the law. Rule 3.701d distinguishes between “offenses at conviction,” “additional offenses at conviction,” and “prior record” and these distinctions are critical in determining which is the primary offense.
First, it should be noted that “primary offense” is defined as that offense at conviction which recommends the most severe sanction, not as any offense pending before the court for sentencing which would result in the most severe penalty.[1] “Conviction” occurs, for guideline consideration, when there has been a determination of guilt, whether or not adjudication of guilt is withheld or the sentence has been suspended.[2]
All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time are “additional offenses at conviction.” [3] Since the rule uses “is convicted” as opposed to “has been convicted,” it appears that a previous conviction cannot be considered as an “additional offenses at conviction.” And a primary offense must be one of the offenses at conviction — indeed, the most serious offense at conviction.
Violation of probation is not an “offense” in Florida. Lambert v. State, 545 So.2d 838 (Fla.1989). And conviction has already occurred for the underlying offense for which probation has been imposed. The offender cannot again be “convicted” for that underlying offense; he may merely be sentenced or resentenced as provided in Poore v. State, 531 So.2d 161 (Fla.1988). *516 His previous conviction makes the underlying offense for which he is serving probation “past criminal conduct” which is “prior record” and not an offense at conviction.
To hold that a previously convicted offense is the primary offense for guideline purposes is contrary to the spirit of Rules 3.701d.5(b) and (c) in that the limitation on considering adult records (10 year conviction free record up to date of “primary offense”) or juvenile record (occurring within 3 years of commission of “primary offense”) is meaningless so long as probation on an earlier offense continues.[4]
It would also be contrary to the principles of guideline sentencing, to-wit:
The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.[5]
And is inconsistent with the further provision:
The severity of the sanction should increase with the length and nature of the offender’s criminal history.[6]
In our case, the “convicted offense” was aggravated assault (a third degree felony) but the sentence imposed was commensurate with burglary of a dwelling (a second degree felony) for which Fletcher had been previously sentenced. This contemplated increase should be based on considering the criminal history as “prior record” and not in using it to determine the primary offense. The primary offense should be determined from the “new” offenses before the court at sentencing.
REVERSED and REMANDED for re-sentencing consistent with this opinion.
GOSHORN, C.J., and COBB, W. SHARP, and GRIFFIN, JJ., concur.
DAUKSCH, J., concurs specially with opinion.
COWART, J., dissents with opinion in which PETERSON and DIAMANTIS, JJ., concur.

. Rule 3.701d.2.

. Rule 3.701d.3.

.Rule 3.701d.4.

. For example, in sentencing for the offense committed on December 2, 1989, by using the 1986 offense as the "primary offense at conviction” the state was able to count juvenile offenses occurring in July, 1985. The court also attempted to reclaim the juvenile record in a like manner in Stafford.

. Rule 3.701b.3.

. Rule 3.701b.4.