W. SHARP, Judge.
Bunch appeals from the sentences he received for escape,[1] and six other offenses (third degree felonies) after revocation of his probation. He was sentenced to 7 years for escape, and concurrent 7-year terms for the other offenses. We vacate the sentences and remand for resentencing.
The sentencing guideline scoresheet adopted by the trial court listed escape as the primary offense. The prior offenses for which Bunch had been placed on probation were scored as prior record. Cf. Fletcher v. State, 593 So.2d 514 (Fla. 5th DCA 1991). A category nine scoresheet form (“all other felony offenses”) was prepared. However, as of October 1, 1986, escape convictions listed as primary offenses must be scored under category eight. See Ch. 86-273, § 2, Laws of Fla. (approved amendments to guidelines adopted by Supreme Court of Florida); The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines 3.701, 3.988), 482 So.2d 311 (Fla.1985).
Had Bunch been sentenced with a category eight scoresheet, with escape as the primary offense, his recommended range would have been community control or 12-30 months incarceration. The scoresheet actually used (a category 9 scoresheet) put Bunch in the recommended range of 7 to 9 years — quite a “departure” from that provided in the category 8 scoresheet. Further, although not raised by Bunch on appeal, it appears the 7-year sentences he received for the third degree felonies were illegal, as the maximum statutory penalty for third degree felonies is 5 years.[2]
Accordingly, we vacate the appealed sentences and remand this case to the trial court for resentencing after preparation of a category 8 scoresheet. Bunch should also then be sentenced for resisting a law enforcement officer without violence, a charge for which he was orally adjudicated guilty, together with the escape offense, but for which he apparently was not sentenced. Since the trial judge initially intended to impose a guideline sentence, on remand he has the option of imposing a departure sentence if supported by valid written reasons. See State v. Vanhorn, 561 So.2d 584 (Fla.1990); State v. Betancourt, 552 So.2d 1107 (Fla.1989).
Sentences VACATED; REMANDED.
DAUKSCH and COWART, JJ., concur.

. § 944.40, Fla.Stat. (1989).

. § 775.082(3)(d), Fla.Stat. (1989).