593 So.2d 496 (1992)
STATE of Florida, Petitioner,
v.
John STAFFORD, Respondent.
No. 77395.
Supreme Court of Florida.
January 23, 1992.
Robert A. Butterworth, Atty. Gen. and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
GRIMES, Justice.
We review Stafford v. State, 573 So.2d 884 (Fla. 5th DCA 1990), in which the court certified the following question to be of great public importance:
IN VIEW OF THE 1986 AMENDMENT TO THE COMMITTEE NOTE TO FLA. R.CRIM.P. 3.701(d)(5), MUST THE TRIAL COURTS SCORE AN OFFENSE FOR WHICH THE DEFENDANT WAS ON PROBATION AS "PRIOR RECORD" AT A VIOLATION OF PROBATION HEARING INVOLVING NEW SUBSTANTIVE OFFENSES?
Id. at 885. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
In 1987, John Stafford pled guilty to armed burglary and grand theft and was placed on probation. In 1989, he received a prison sentence after pleading guilty to violating his probation and to a new substantive offense, burglary of a dwelling. For reasons not at issue here, the district court reversed and ordered a new sentencing. Stafford v. State, 561 So.2d 32 (Fla. 5th DCA 1990). At resentencing, the trial court treated the original 1987 conviction as the "primary offense" for purposes of calculating the appropriate sentence under the sentencing guidelines. The district court found this to be error and again vacated the sentence. Stafford, 573 So.2d at 884-85.
*497 The court held that the original offense cannot be scored as the primary offense, basing its decision on the committee note to rule 3.701(d)(5), which states as follows:
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."

Fla.R.Crim.P. 3.701 (committee note (d)(5)) (emphasis added).
Stafford argues that this committee note means that his 1987 offense must be scored as prior record rather than as the primary offense. When read in the abstract, the language of this note lends some support to Stafford's position.
However, the committee note must be considered in light of the other sections of the rule, which provide in pertinent part:
3. "Primary offense" is defined as that offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
4. Additional Offenses at Conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.
5. a) "Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.
Fla.R.Crim.P. 3.701. Thus, the sentencing guidelines forms in Florida Rules of Criminal Procedure 3.988 reflect that points are to be counted for the primary offense conviction, additional offenses at conviction, and prior record. In the case of multiple offenses, separate scoresheets should be prepared scoring each offense as the primary offense, and the scoresheet which recommends the most severe sentencing range should be used. Stafford's contention that his 1987 conviction cannot be scored as the primary offense, even if a scoresheet prepared with this conviction as the primary offense results in the most severe sentencing range, contradicts this section of the rule.
The intent of the Sentencing Guidelines Commission becomes clear when read in light of this Court's opinion in which the previously quoted portion of committee note (d)(5) was added. The Florida Bar re Rules of Criminal Procedure, 482 So.2d 311 (Fla. 1985). As this Court explained:
The commission took this action to clarify its intent concerning the application for scoring purposes of the offense which results in the imposition of probation where the offender commits an offense subsequent to the date probation is imposed and where both offenses are before the court for sentencing and the subsequent offense is scored as "primary offense."
Id. at 312 (emphasis added).
It is evident that the committee note was intended to ensure that when the subsequent offense is scored as the primary offense the earlier offense for which probation has been violated is scored as prior record rather than as an additional offense. This would only occur if the subsequent offense were scored as the primary offense. The note would be inapplicable if it had been determined under section (d)(3) that the earlier offense was the primary offense.
*498 Stafford argues that the plain language of the committee note, which states that the original offense "shall be scored as `prior record,'" must be read as absolutely requiring the scoring of the earlier offense as prior record in every case. However, this interpretation either reads a line into the committee note  the original offense cannot be scored "as additional offense or as a primary offense"  or deletes a line and simply treats the note as saying that the offense "shall be scored as prior record." The "and not as `additional offense'" language only makes sense if the committee note is read as clarifying the scoring of the earlier offense when the subsequent offense, rather than the earlier offense, is scored as the primary offense  that is, when the earlier offense could be scored either as prior record or as additional offense.
According to Stafford's interpretation of the committee note, whenever a defendant is sentenced at the same time for a violation of probation and for a new substantive offense, the subsequent crime must always be the primary offense for purposes of the sentencing guidelines. In instances where the earlier crime is more serious than the subsequent crime, this interpretation can produce absurd results. For example, suppose a defendant with no prior record is convicted of sexual battery upon a person twelve years or older by threatening to use a deadly weapon, a life felony. This crime is scored as 262 points. The recommended guidelines range is between five and one-half and seven years, and the permitted range is between four and one-half and nine years. Assume, however, that this defendant is placed on probation. Thereafter, he commits third-degree theft, thereby violating his probation. At sentencing for the sexual battery and theft, if the theft is used as the primary offense with the sexual battery as prior record and points added for legal constraint, the scoresheet calculation will come to 69 points. Even taking into account the one-cell bump for violation of probation, the recommended range will be three and one-half to four and one-half years, and the permitted range will be two and one-half to five and one-half years. Thus, the defendant would likely be better off by violating probation and committing a new crime than he would have been if he had been sentenced within the guidelines in the first place.
Under rule 3.701(d)(3), Stafford's earlier crime should be scored as the primary offense. The requirements of the committee note to section (d)(5) are inapplicable in this case because the subsequent offense is not being scored as the primary offense. We therefore answer the certified question in the negative, quash the district court's decision, and reinstate Stafford's sentence which was calculated on the basis that his earlier crime was the primary offense.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.
KOGAN, Justice, dissenting.
I disagree with the majority's tacit assumption that, under these facts, only a single scoresheet can be used when sentencing a defendant both for a violation of probation and the criminal offense that has resulted in that violation. As the district court below clearly assumed, I believe it makes more sense to say that the trial court must employ two separate scoresheets in all cases of this type. In determining the sentence for the violation of probation, the court thus would use the original scoresheet, with a one-cell bump-up. As to the second offense, an entirely new scoresheet would be prepared.
The most important reason for separate scoresheets is that violation of probation is not a separate criminal offense in Florida.[1]Lambert v. State, 545 So.2d 838, 841 (Fla. 1989). We previously have stated:

*499 The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense.

Id. (emphasis added). In other words, the person is not actually sentenced for a violation of probation. Rather, the probation is revoked either in whole or in part and the discretionary one-cell bump-up can be added on based upon the earlier scoresheet. This procedure is the only one authorized by Florida statutes. See § 948.06, Fla. Stat. (1987).
The majority's hypothetical about a person convicted of sexual battery thus gives the misleading impression that an absurdly short sentence will result if we approve the position taken by the court below. I do not believe the opinion under review supports this conclusion. As I read the district court's analysis, the following actually will happen, assuming the defendant is guilty of the subsequent offense.
First, probation can be revoked for the life felony. This will mean that the earlier probationary sentence will be reinstated with a one-cell bump-up. This would result in a recommended range of seven to nine years and a permitted range of five and a half to twelve years.
Second, the defendant then can be sentenced separately for the third-degree felony. Under the majority's hypothetical, this will be a recommended range of two and a half to three and a half years, and a permitted range of community control or between one and four and a half years. Contrary to what the majority states, no one-cell bump-up would be permitted on the second offense because this type of enhancement applies only to the offense for which probation was imposed. Lambert, 545 So.2d at 841-42.
Thus, in the majority's hypothetical, the defendant theoretically can receive (on both offenses) a total sentence without departure of as much as sixteen and a half years  not the five and a half years the majority estimates. I thus believe the majority is mischaracterizing the analysis used by the court below.[2]
Moreover, the majority fails to address language in the applicable rule that casts serious doubt on the majority's own analysis. As the district court below noted, Stafford, 573 So.2d at 885, a "primary offense" is specifically defined "as that offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction." Fla.R.Crim.P. 3.710(d)(3) (emphasis added). In the case of multiple offenses, once again the court is restricted to considering only "each offense at conviction." Fla.R.Crim.P. 3.701(d)(3)(a) (emphasis added). As the district court noted:
It appears to us that since violation of probation is not a crime in Florida and since the defendant was previously "convicted" of the offense for which he is on probation, such previous offense cannot be an "offense at conviction" for the new substantive offense nor can it be the primary offense at any subsequent sentencing.
Stafford, 573 So.2d at 885. In other words, two scoresheets must be used because the rules themselves prohibit consolidating the earlier probationary offense with the new offense. Since a conviction on this earlier offense already was obtained some time in the past, it cannot for a second time be an "offense at conviction." The earlier probationary offense thus is excluded from the definition of "primary offense" under the plain language of the rule. Fla.R.Crim.P. 3.701(d)(3).
I also note that all of the rules and committee notes cited by the majority are entirely consistent with the assumption that two scoresheets should be used in cases of this type. In light of this assumption, the inconsistencies noted by the majority are eliminated. For example, the *500 language the majority quotes from The Florida Bar re Rules of Criminal Procedure, 482 So.2d 311, 312 (Fla. 1985), and the accompanying committee note address only the issues surrounding the scoresheet on the second offense: The court must score the earlier probationary offense as "prior record," not as "additional offense" on this second scoresheet. The language quoted by the majority does not mention scoring the earlier probationary offense as a "primary offense" because it assumes that this never will occur. Indeed, it need never occur if two scoresheets are used and the plain meaning of rule 3.701(d)(3) is honored.
I respectfully dissent.
NOTES
[1] The district court also relied on this proposition. Stafford v. State, 573 So.2d 884, 885 (Fla. 5th DCA 1990).
[2] Part of the reason is that, in the present case, Stafford's second offense was more serious than the first. In the majority's hypothetical, the reverse is true. Thus, the issues raised by the hypothetical are not really of concern here.