COWART, Judge.
The defendant, Ronald J. Ludeman, pled guilty to a charge of burglary of a dwelling,[1] a second degree felony, and was placed on probation. The defendant subsequently committed and pled nolo conten-dere to a new substantive offense of possession of a controlled substance,[2] a third degree felony. The trial court revoked the defendant’s probation on the earlier burglary offense.
A sentencing guidelines scoresheet was prepared in which the earlier burglary offense was scored as the “primary offense,” [3] and the subsequent possession offense was scored as an “additional offense at conviction.”[4] Certain other offenses were scored as prior record.[5]
The defendant appeals, contending the trial court erred in scoring the earlier burglary offense as the “primary offense,” relying on Stafford v. State, 573 So.2d 884 (Fla. 5th DCA 1991).
When a defendant has pending before the court for sentencing[6] at, or *980 about[7] the same time, two or more offenses under the guidelines sentencing rule the first determination to make is which scoresheet out of the nine offense categories (Florida Rule of Criminal Procedure 3.701c.) is to be used. That first inquiry is resolved by determining which one offense (“pending before the court for sentencing”) is the “primary offense” which is defined under Florida Rule of Criminal Procedure 3.701d.3. as being that offense the score-sheet for which recommends the most severe sanction.
After that threshold determination is made, as to each and every offense (“pending before the court for sentencing”) for which the defendant has been convicted (other than the primary offense), a second inquiry must be made and that is whether each such other offense should be scored on the one proper scoresheet as “additional offenses at conviction” under Rule 3.701 d.4. or as “prior record” under Rule 3.701 d.5.a).
Several years ago in a factual context where the defendant (1) had previously been convicted of a “prior” offense and had been put on straight probation[8] as to that offense and (2) had thereafter been convicted of a “subsequent” offense (which incidently violated probation on the first offense) and (3) the prior “probated” offense was not the “primary offense” under Rule 3.701d.3. (because the guidelines score-sheet for the prior offense did not recommend the most severe sanction), the specific question arose as to whether, under the second inquiry, the prior “probated” offense should be scored as an “additional offense at conviction” (Rule 3.701 d.4.) (because his straight probation having been terminated, sentencing for the prior offense was also pending before the court at the same time the subsequent offense was pending for sentencing) or whether the pri- or offense should be scored as “prior record” (Rule 3.701 d.5.a)).
Faced with this guidelines question the courts generally held that the original offense (on which the defendant had been placed on straight probation in lieu of being sentenced) should be scored as an “additional offense at conviction.” Hallback v. State, 479 So.2d 865 (Fla. 5th DCA 1985); Bradley v. State, 480 So.2d 647 (Fla. 2d DCA 1985), cause dism., 486 So.2d 595 (Fla.1986). For some reason not yet understood by many judges, the sentencing guidelines committee note to Rule 3.701 d.5. was amended to change the result reached by the courts in these cases and to provide that in this particular circumstance, the prior offense (as to which straight probation had been violated) would be scored as “prior record” and not as “additional offense” even though that offense was before the court for sentencing. The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla.1985) (effective July 1, 1986). This amendment had nothing to do with the threshold “first inquiry” determination of whether the prior “probated” offense was to be scored as “primary offense” as distinguished from “additional offense at conviction” or “prior record” which “first inquiry” question is resolved under Rule 3.701 d.3. based on whether the scoresheet for the prior offense (as to which the defendant has violated straight probation and for which the defendant is before the court for sentencing) recommended the more severe sanction in which event the prior “probated” offense is scored as “primary offense” (and the score-sheet applicable to that offense is used).[9] *981 Of course, if the prior “probated” offense is scored as the “primary offense,” no issue or question is left as to whether the prior “probated” offense is to be scored as “additional offense at conviction” or “prior record.” For these reasons the amendment to Committee Note d.5. is inapplicable to the threshold determination of whether the prior offense (as to which probation has been terminated) is or is not to be scored as “primary offense,” that determination being decided by the test set out in Rule 3.701 d.3.
If the scoresheet for the prior offense for which probation has been terminated recommends a more severe sanction than the scoresheet for any later offense for which the defendant is being sentenced, the prior offense should be scored as “primary offense” (Rule 3.701 d.3.) and the later offense which is before the court for sentencing should be scored as “additional offense at conviction” (Rule 3.701 d.4.) whether or not the commission of the later offense may have incidentally served to have violated the probation relating to the prior offense. See, Jolly v. State, 502 So.2d 1324 (Fla. 4th DCA 1987).
When an offense as to which the defendant has violated straight probation later becomes one of multiple offenses before the court for sentencing, the mere fact that a defendant has violated probation as to the prior offense is absolutely no reason, under guideline philosophy, guideline rule, logic or common sense, why the prior offense should not be scored as “primary offense” if the scoresheet relating to the prior offense recommends a more severe sanction than the scoresheet relating to any other offense for which the offender stands convicted and is before the court for sentencing at the same time. Stafford v. State, 573 So.2d 884 (Fla. 5th DCA 1991) was in error in applying the Committee Note relating to the second inquiry to solve the question presented by the first inquiry (which determines which scoresheet is to be used) and that case has now been quashed by the Florida Supreme Court, see State v. Stafford, 593 So.2d 496 (Fla.1992). The sentences imposed using the guidelines scoresheet in which the earlier burglary offense was scored as the “primary offense” was proper because that scoresheet recommends the most severe sanction which is the proper criteria under Rule 3.701 d.3.
AFFIRMED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents without opinion.

. § 810.02, Fla.Stat.

. § 893.13(l)(f), Fla.Stat.

. Fla.R.Crim.P. 3.701 d.3.

. Fla.R.Crim.P. 3.701 d.3.a and 3.701 d.4.

. Fla.R.Crim.P. 3.701 d.5.

.Although matters such as "prior record” (3.701 d.5.) and "legal status at time of offense” (3.701 d.6.) and “victim injury” (3.701 d.7.) are weighted factors used to arrive at a recommended guidelines sentence the focus at sentencing is still upon "offenses pending before the court for sentencing” (3.701 d.l. and 4.). The use of descriptive "offenses at conviction" in 3.701 d.3. and 4. tends to confuse this focus.

. See, Foster v. State, 576 So.2d 937 (Fla. 5th DCA 1991).

. §§ 948.01(3) and 921.187(l)(a), FIa.Stat.

. When the committee note to rule 3.701 d.5. was expanded in 1985 to provide that, when simultaneous sentencings took place for new offenses and old offenses for which probation had been previously imposed but subsequently revoked, the earlier offense would be scored as "prior record," it offered an explanation that was not made a part of the rule:
The commission took this action to clarify its intent concerning the application for scoring purposes of the offense which results in the imposition of probation where the offender commits an offense subsequent to the date probation is imposed and where both offenses are before the court for sentencing and the subsequent offense is scored as “primary offense." [Emphasis added].
The Florida Bar re:' Rules of Crim. Proc., 482 So.2d 311, 312 (Fla.1985). The last nine words of the committee’s explanation is an acknowl- *981 edgement that the earlier offense could also be scored as the primary offense in accordance with rule 3.701 d.3.