616 So.2d 39 (1993)
STATE of Florida, Petitioner,
v.
Miguel TITO, Respondent.
Miguel TITO, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 79303, 79373.
Supreme Court of Florida.
April 1, 1993.
Robert A. Butterworth, Atty. Gen., and Peggy A. Quince and Susan D. Dunlevy, Asst. Attys. Gen., Tampa, for petitioner/respondent.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. *40 Public Defender, Tenth Judicial Circuit, Bartow, for respondent/petitioner.
McDONALD, Justice.
Both the State of Florida and Miguel Tito petition for review of Tito v. State, 593 So.2d 284 (Fla. 2d DCA 1992), because of conflict with Williams v. State, 594 So.2d 273 (Fla. 1992), and State v. Barnes, 595 So.2d 22 (Fla. 1992). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash Tito.
Tito pled guilty to a cocaine possession charge (case 1), and the judge withheld adjudication and placed him on probation for one year. He violated that probation in November 1989 by burglarizing a conveyance and committing petit theft (case 2). He pled guilty to those charges, and, in January 1990, the trial court adjudicated him guilty of the possession, burglary, and theft charges and placed him on concurrent terms of community control. In March 1990, however, Tito violated that community control by burglarizing another conveyance (case 3). The court found him guilty after a nonjury trial and imposed the following sentences: case 1) five-year upward departure sentence; case 2) consecutive five-year upward departure sentence; case 3) habitual offender sentence of ten years' probation, consecutive to the sentence in case 2.
On appeal the district court held that only a one-cell upward departure could be imposed for probation violations and reversed the departure sentences in cases 1 and 2. The court also held that, rather than a single scoresheet covering all offenses, the trial court should have used the original individual scoresheets. Finally, the district court held that the trial court erred in declaring Tito an habitual offender because the statutory requirement of two prior convictions had not been met.
In Williams v. State, 594 So.2d 273, 275 (Fla. 1992), we held "that in the case of multiple violations of probation, the sentences may be bumped one cell or guideline range for each violation." Thus, the state correctly points out that a two-cell bump-up may be used for the first conviction.
Both Tito and the state argue that the district court's holding that the original scoresheets should have been used conflicts with Clark v. State, 572 So.2d 1387 (Fla. 1991). We agree. In Clark we held that it would be proper to use a single scoresheet for sentences imposed on the same day by different judges. In State v. Stafford, 593 So.2d 496 (Fla. 1992), however, we held that when probation violation cases are being sentenced in conjunction with new substantive offenses, multiple scoresheets are to be prepared to determine the most severe sanction. Once the scoresheet with the most severe sanction is determined, that is the scoresheet to be used. The dissent in the case under review was correct on this issue, and only one scoresheet should be used.
Tito initially claimed that he could not be sentenced under the habitual offender statute because of a lack of sequential convictions, but now recognizes that State v. Barnes, 595 So.2d 22 (Fla. 1992), determined that no such requirement exists. Thus he loses on this issue, but contends that he could not be placed on probation as an habitual offender because the purposes of probation and habituation are mutually exclusive. In Burdick v. State, 594 So.2d 267 (Fla. 1992), we held that a sentencing judge may exercise his or her discretion in employing the habitual offender statute. We find no abuse of discretion in placing Tito on ten years' probation after completing his prior sentence. McKnight v. State, 616 So.2d 31 (Fla. 1993). We decline to address the issue of whether the terms of Tito's probation were illegal because the district court of appeal did not discuss it.
Therefore, we quash the opinion under review and direct that this case be remanded for sentencing consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
*41 KOGAN, Justice, concurring in part, dissenting in part.
Although I otherwise concur with the majority, I dissent as to its determination that only a single scoresheet should be used here, for the reasons stated in my separate opinion in State v. Stafford, 593 So.2d 496, 498-500 (Fla. 1992) (Kogan, J., dissenting).