648 So.2d 775 (1994)
Jimmy Dale LAMAR, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00304.
District Court of Appeal of Florida, Second District.
December 9, 1994.
Gary R. Gossett, Jr., Sebring, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Jimmy Dale Lamar appeals his sentences imposed in two cases following revocation of probation in one case and a sentence following a jury verdict in the second case. We reverse but certify a question of great public importance.
In 1992 Lamar entered a nolo contendere plea to sexual battery, a second-degree felony. The trial judge placed Lamar on probation for ten years. Three weeks later an affidavit of violation of probation was filed alleging that Lamar had violated probation by committing another sexual battery. For this new crime, the state charged Lamar with sexual battery. Following a trial, the jury found Lamar guilty of attempted sexual battery, a third-degree felony.
The trial judge sentenced Lamar on both offenses at the same sentencing hearing. A guidelines scoresheet which resulted in the most severe sanction was prepared and utilized to sentence Lamar on both offenses. The scoresheet reflected that the new substantive offense of attempted sexual battery was designated as the primary offense and the probationary offense along with other prior offenses were designated as prior record. The score resulted in a recommended range of nine to twelve years and a permitted range of seven to seventeen years. On the first charge, the trial judge revoked Lamar's probation and sentenced him to fifteen years in prison. On the new crime, the trial judge sentenced Lamar to two years in prison followed by three years' probation consecutive to the fifteen-year sentence.
The sentencing scheme utilized appears to comply with State v. Tito, 616 So.2d 39 (Fla. 1993) which stated:
In State v. Stafford, 593 So.2d 496 (Fla. 1992),... we held that when probation violation cases are being sentenced in conjunction with new substantive offenses, multiple scoresheets are to be prepared to determine the most severe sanction. Once the scoresheet with the most severe sanction *776 is determined, that is the scoresheet to be used.
Tito, 616 So.2d at 40.
Although the sentencing scheme complies with Tito, this court in Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993), while agreeing that Tito requires a single scoresheet be utilized when a violation of probation and new offense are pending before the court for sentencing, stated:
The court is then to use that scoresheet which recommends the most severe sanction. Once the appropriate scoresheet is selected and scored, the court then knows what the maximum total guidelines sentence is, and can sentence accordingly for each individual offense within that total maximum range. In that regard, the total sentence imposed for any violation of probation will be the recommended sentence as taken from the original scoresheet on the underlying substantive offense, plus the allowed one-cell bump for each violation of probation. Sentencing on other offenses will proceed likewise according to the guidelines and other applicable statutes. We believe this procedure is in accord with the supreme court's recent pronouncement in State v. Tito, 616 So.2d 39 (Fla. 1993). See also State v. Stafford, 593 So.2d 496 (Fla. 1992).
Grady, 618 So.2d at 344. Support for Grady can be found in Williams v. State, 594 So.2d 273 (Fla. 1992), where the supreme court concluded that upon revocation of probation, the sentence for violation of probation is limited to an increase to the next higher cell in the sentencing guidelines for each violation of probation.[1]
Applying Grady to this case, in sentencing Lamar on the violation of probation offense, the trial court is limited to a one-cell bump on the original scoresheet for that offense. This results in a permitted range of three and one-half to seven years, rather than the fifteen years permitted under the new scoresheet. Because the statutory maximum for the new offense, attempted sexual battery, is five years, the trial court could not exceed twelve years' prison for both sentences.
The trial court did not follow the sentencing scheme required by Grady; therefore, we reverse Lamar's sentence and remand for resentencing but certify the following question of great public importance:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND A VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE SENTENCING GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY V. STATE, 618 So.2d 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE V. TITO, 616 So.2d 39 (FLA. 1993)?
RYDER, A.C.J., and LAZZARA, J., concur.
PARKER, J., dissents with opinion.
PARKER, Judge, dissenting.
I respectfully dissent. I believe the supreme court in Tito has approved of a procedure when sentencing for a new felony and a violation of probation grounded upon the new felony which requires a trial judge to utilize a single scoresheet which recommends the most severe sanction. I further believe that Grady is inconsistent with the holding in Tito. The procedure which this court outlined in Grady continues to use more than one scoresheet. Grady requires the court to use the scoresheet which recommends the most severe sanction for the sentence on the new felony but restricts the sentence imposed for the violation of probation to the recommended sentence of the original scoresheet with the permitted enhancements for each violation of probation. I disagree with *777 this court's pronouncement in Grady that this sentencing procedure is in accord with Tito. This case is clear evidence that Grady and Tito are inconsistent because, as the majority holds, the sentencing scheme utilized in this case complies with Tito but fails to comply with Grady. I do not find Williams persuasive in support of the majority opinion because that case does not indicate that the new offense which caused the violation of probation was before the trial court for sentencing at the same time as sentencing for the violations of probation.
I would affirm the trial court. I, however, agree with the certified question which the majority has posed.
NOTES
[1] We note, however, that the opinion in Williams v. State, 594 So.2d 273 (Fla. 1992), does not indicate whether Williams was sentenced at the same time for the new substantive offense and the revocation of probation.