659 So.2d 262 (1995)
STATE of Florida, Petitioner,
v.
Jimmy Dale LAMAR, Respondent.
No. 84867.
Supreme Court of Florida.
August 24, 1995.
*263 Robert A. Butterworth, Atty. Gen., Robert J. Krauss, Sr. Asst. Atty. Gen., Chief of Crim. Law and Ron Napolitano, Asst. Atty. Gen., Tampa, for petitioner.
Gary R. Gossett, Jr., Sebring, for respondent.
PER CURIAM.
We have for review the Second District's decision in Lamar v. State, 648 So.2d 775 (Fla. 2d DCA 1994), in which the district court certified the following question of great public importance:
WHERE A DEFENDANT IS SENTENCED AT THE SAME SENTENCING HEARING FOR A NEW FELONY AND A VIOLATION OF PROBATION GROUNDED UPON THE NEW FELONY, IS THE TRIAL COURT LIMITED TO A ONE-CELL INCREASE FROM THE ORIGINAL SCORESHEET UNDER THE GUIDELINES FOR THE VIOLATION OF PROBATION, PURSUANT TO GRADY v. STATE, 618 So.2d 341 (FLA. 2D DCA 1993), OR CAN THE TRIAL COURT IMPOSE THE MOST SEVERE SENTENCING SCHEME PERMISSIBLE AS TO BOTH CRIMES AS OUTLINED IN STATE v. TITO, 616 So.2d 39 (FLA. 1993)?
Id. at 776.[1]
In 1992 Lamar entered a nolo contendere plea to sexual battery, a second-degree felony.[2] Three weeks later an affidavit of violation of probation was filed alleging that Lamar had violated probation by committing sexual battery. For this new crime, the state charged Lamar with sexual battery. Following a trial, the jury found Lamar guilty of attempted sexual battery, a third-degree felony.
The trial judge sentenced Lamar on both offenses at the same sentencing hearing. A guidelines scoresheet which resulted in the most severe potential sanction was prepared and utilized to sentence Lamar on both offenses. On the scoresheet, the new substantive offense of attempted sexual battery was designated as the primary offense and the probationary offense, along with other prior offenses were designated as prior record. This yielded a total score of 349 points, which corresponded to a recommended range of nine to twelve years and a permitted range of seven to seventeen years.
On the original sexual battery charge, the trial judge revoked Lamar's probation and sentenced him to fifteen years in prison. On *264 the new crime of attempted sexual battery, the trial judge sentenced Lamar to two years in prison followed by three years probation consecutive to the fifteen-year sentence. Lamar appealed and the district court reversed.

LAW AND ANALYSIS
The issue in this case concerns the correctness of the trial court's sentencing method. Relying on its decision in Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993), the district court explained that "in sentencing Lamar on the violation of probation offense, the trial court is limited to a one-cell bump on the original scoresheet for that offense." 648 So.2d at 776. Under the district court's sentencing scheme, the sentencing court would be required to do the following:
[U]se that scoresheet which recommends the most severe sanction. Once the appropriate scoresheet is selected and scored, the court then knows what the maximum total guidelines sentence is, and can sentence accordingly for each individual offense within that total maximum range. In that regard, the total sentence imposed for any violation of probation will be the recommended sentence as taken from the original scoresheet on the underlying substantive offense, plus the allowed one-cell bump for each violation of probation. Sentencing on other offenses will proceed likewise according to the guidelines and other applicable statutes. We believe this procedure is in accord with the supreme court's recent pronouncement in State v. Tito, 616 So.2d 39 (Fla. 1993). See also State v. Stafford, 593 So.2d 496 (Fla. 1992).
Id. (quoting Grady v. State, 618 So.2d at 344). We find the above sentencing scheme inconsistent with our holdings in Stafford and Tito.
In Tito v. State, we echoed the single scoresheet requirement announced in State v. Stafford, and said:
In State v. Stafford, 593 So.2d 496 (Fla. 1992), however, we held that when probation violation cases are being sentenced in conjunction with new substantive offenses, multiple scoresheets are to be prepared to determine the most severe sanction. Once the scoresheet with the most severe sanction is determined, that is the scoresheet to be used. The dissent in the case under review was correct on this issue, and only one scoresheet should be used.
616 So.2d at 40. In Stafford, we interpreted Florida Rule of Criminal Procedure 3.701 to permit this sentencing scheme when multiple offenses were being considered for sentencing.[3] Stafford was sentenced for a violation of probation and for a new substantive offense. In sentencing Stafford, the judge treated Stafford's original conviction as the "primary offense." 593 So.2d at 496. Stafford argued that his original conviction had to be scored as prior record rather than as the primary offense. We disagreed and said that "in the case of multiple offenses" Florida Rules of Criminal Procedure 3.701 required the following for purposes of determining the primary offense at sentencing:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
4. Additional Offenses at Conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.
5. a) "Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.
*265 593 So.2d at 497 (quoting rule 3.701).[4] In other words, under this sentencing scheme, "separate scoresheets should be prepared scoring each offense as the primary offense, and the scoresheet which recommends the most severe sentencing range should be used." Id.
For instance, whenever a defendant is being sentenced for both a violation of probation and a new substantive offense, the violation of probation can be scored as either the primary offense or as prior record so long as it gives the most severe sanction. Likewise, the new substantive offense can be scored as the primary offense or as an additional offense provided the sentence results in the most severe sanction. It is evident that this sentencing scheme was intended to "punish repeat offenders more severely than first-time offenders." Peters v. State, 531 So.2d 121, 123 (Fla. 1988).
Given our pronouncements in Tito and Stafford, we conclude that the trial court was not limited to a one-cell bump on the original scoresheet but was permitted to use the scoresheet which recommended the most severe sanction. The trial court correctly scored the new crime (i.e., attempted sexual battery) as the primary offense at conviction and the original crime  sexual battery  as a prior record since this combination resulted in the most severe sanction. We find no error with the sentencing judge's calculation of Lamar's sentence.
Therefore, we answer the first prong of the certified question in the negative and the second prong in the affirmative. As a result, we quash the district court decision and disapprove Grady insofar as it conflicts with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs with an opinion.
KOGAN, Justice, concurring.
While I continue to view the sentencing scheme advocated by my dissent in Stafford as more reasonable, I concur based on the doctrine of stare decisis.
NOTES
[1] The relevant facts that follow are substantially extracted from the district court's opinion and the record on appeal.
[2] Lamar was initially charged with burglary of a dwelling with intent to commit a battery (Count 1) and sexual battery (Count 2). On July 8, 1992, Lamar entered a nolo plea to the sexual battery charge and the state nolle prossed the burglary charge.

Lamar's total offense score, with sexual battery as the primary offense, was 218. Although the guidelines scoresheet filed at this time reflected a recommended range of 3 1/2 to 4 1/2 years and a permitted range of 2 1/2 to 5 1/2 years, the sentencing judge departed downward from the guideline range and sentenced Lamar to 10 years probation. According to Lamar, the downward departure was arrived at through a negotiated plea.
[3] In Stafford, Justice Kogan's dissenting opinion reasoned that section 948.06, Florida Statutes (1987), requires that when a person violates probation due to the commission of a new substantive offense, and both the violation of probation and the criminal offense that resulted in the violation are before the sentencing court, "the probation is revoked either in whole or in part and the discretionary one-cell bump-up can be added on based upon the earlier scoresheet." 593 So.2d at 499. In both Stafford and Tito, we have implicitly rejected this sentencing method.
[4] Two commentators have reached a similar conclusion, and made the following comments:

A 1986 rule change that allows for the scoring of offenses that resulted in probation, subsequently violated by the commission of a new offense, as prior record rather than as additional offenses, has also caused confusion. See Committee Note to Rule 3.701(d)(5). The application of this unique scoring provision is limited to those situations when the new substantive offense is the primary offense. Some people have interpreted this to require that the new substantive offense be scored as primary in all situations in which the application is possible. This provision does not override the procedure in the rule to determine primary offense. It may be that the use of the new substantive offense as the primary offense with the offense that resulted in probation as a prior record entry will recommend the most severe sanction. However, this does not mandate that the scoring be done in that fashion. It should be used only when the scoring will recommend the most severe sanction.
Michael L. Schneider & Leonard J. Holton, Sentences, in Florida Criminal Rules and Practice 10-1, 10-19 (The Florida Bar Continuing Legal Education 3d ed. 1991).